THORNTON L. TAYLOR *v.* STATE OF INDIANA.

[No. 2-674A126. Filed December 11, 1974.]

*George T. Popcheff,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

PER CURIAM—The only issue presented for review by this appeal is whether the evidence is sufficient to sustain defendant-appellant Thornton L. Taylor's conviction of rape.[1]

The facts of this case most favorable to the State are as follows:

On the evening of August 24, 1972, the prosecutrix accepted a ride home in a car driven by Taylor. After she got in the car she, Taylor and the other two occupants, Barry and Betty, went to a liquor store, where Taylor bought some beer, and then to Washington Park. Taylor and Betty got out of the car and Barry and the prosecuting witness remained. A few minutes later Taylor returned alone and asked the prosecutrix to get out of the car. When she refused, Taylor

---

1. IC 1971, 35-13-4-3, Ind. Ann. Stat. § 10-4201 (Burns 1956).

dragged her out of the car into some nearby bushes. She struggled. Taylor threatened to blow her brains out and pushed her to the ground. Taylor then pulled off her clothes and forcibly had sexual intercourse with her. A police patrol car was driving through the park, and Indianapolis Police Officer Finley heard a woman screaming and saw the prosecutrix run from the woods pulling her underwear on. Betty and Barry remained in the park where Barry was apprehended. The officer saw another man flee on foot. That man was positively identified by the prosecuting witness as the defendant.

Taylor's challenge to the sufficiency of the evidence rests on the State's failure to present a medical examination report to corroborate the prosecutrix's story and upon alleged lack of credibility of the prosecuting witness.

The absence of such corroborating evidence as a medical examination report does not affect the sufficiency of this evidence. The sole and uncorroborated testimony of a rape victim is sufficient to sustain a conviction of rape, provided each and every material element of the crime is contained in her testimony. *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Combs* v. *State* (1973), 158 Ind. App. 521, 303 N.E.2d 289. In this case, the testimony of the witness partially corroborated by Officer Finley was sufficient to establish that Taylor, who was not her husband, had sexual intercourse with her against her will through the use of force and threats of force. These are the essential elements of the crime of rape.

The remainder of Taylor's argument is an attempt to persuade this court to reassess the credibility of the prosecuting witness. Her account of the occurrences that evening was not incredible, nor was it rendered so by her admission to having once been convicted of theft, or an attempt by the defense to show her to have grounds for

prejudice against Barry.[2] The jury heard all the evidence and credited her account. It is not our function to weigh the evidence and determine the credibility of the witnesses. *Williams, supra.*

Taylor's brief attempts to present a question regarding the exclusion of evidence concerning the disposition of charges against Barry arising out of the same incident. This alleged error is not mentioned in Taylor's motion to correct errors and, therefore, is waived on appeal. Indiana Rules of Procedure, Trial Rule 59(G), Appellate Rule 8.3(A)(7).

Taylor's conviction for rape is affirmed.

NOTE.—Reported at 319 N.E.2d 648.

---

. 2. Barry was separately accused of having also raped the prosecuting witness on this same occasion.