UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul DUHART, Defendant-Appellant.

Paul DUHART, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

Nos. 74–1869, 74–1870.

United States Court of Appeals,
Sixth Circuit.

Feb. 11, 1975.

Certiorari Dismissed June 4, 1975.
See 95 S.Ct. 2409.

Cary Rodman Cooper, Toledo, Ohio, for defendant-appellant.

Frederick M. Coleman, U. S. Atty., Erie D. Chapman, III, Toledo, Ohio, for plaintiff-appellee.

Before WEICK, PECK and LIVELY, Circuit Judges.

JOHN W. PECK, Circuit Judge.

Appellant Paul Duhart was jury convicted in 1965 of committing an assault with a deadly weapon while robbing a federally insured savings institution in

violation of 18 U.S.C. § 2113(d). A sentence of 25 years was imposed. Appellant failed to perfect a timely direct appeal, but moved, in 1969, for relief under 28 U.S.C. § 2255. The district court denied the motion without an evidentiary hearing. This court reversed and remanded the case for the purpose of determining (1) whether appellant had been deprived of the effective right to appeal, and (2) if certain search and seizure issues raised by appellant had merit. Duhart v. United States, 476 F.2d 597 (6th Cir. 1973).

The district court conducted the required hearing, found that appellant had been denied effective right of appeal, and modified his sentence so as to allow a direct appeal from the 1965 conviction. However, noting that search and seizure questions could be raised on direct appeal and that an appeal is the preferred method of proceeding, the district court declined to pass upon the legality of his arrest and the admissibility of evidence secured as a result thereof. Appellant duly perfected a direct appeal (No. 74–1869), and an appeal from the district court's refusal to consider the search and seizure issues (No. 74–1870).

 Appellant's sole complaint with regard to the district court's failure to consider the search and seizure issues is that certain testimony adduced at the evidentiary hearing may be needed to fully decide these issues. We conclude, however, that the court acted properly. In the first place, "The normal and customary method of correcting errors of the trial is by appeal." Sunal v. Large, 332 U.S. 174, 177, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947). Moreover, "It is well settled in this circuit that a motion to vacate is not a substitute for appeal." DiPiazza v. United States, 471 F.2d 719, 720 (6th Cir. 1973). Finally, the search and seizure issues are fully presented by the record before us.

Appellant's principal contention is that the district court unreasonably limited appellant's cross-examination of a government witness, thereby depriving him of the right of confrontation. The witness, Michael Alums, testified on direct that he had known appellant for about one year, and that he had talked to appellant on May 13, 1965 (the day of the robbery), on May 14, 1965, and again on May 15, 1965. Alums further testified that appellant had confided that he (appellant) had robbed the savings and loan.

During cross-examination of Alums, appellant's trial counsel was precluded by the trial judge from asking Alums if he had ever been arrested and convicted of crimes in the State of Ohio. Counsel proffered that Alums had been previously convicted of petty larceny, and further that Alums had, in a statement made to the FBI in relation to this case, admitted that he had been arrested and charged with petty larceny, shoplifting, drunk and disorderly conduct, and gambling. Similarly, counsel was not permitted to inquire as to whether Alums was "under the shadow of some suspicion and asking somebody to ease up the pressure" on him.

 The government concedes, as we think it must, that a witness may be impeached by questions which show the commission of a felony or a crime involving moral turpitude. United States v. Lloyd, 400 F.2d 414 (6th Cir. 1968); United States v. Johnson, 345 F.2d 457 (6th Cir.), cert. denied, 382 U.S. 836, 86 S.Ct. 83, 15 L.Ed.2d 79 (1965). Likewise, the government recognizes that an accused is entitled to show by cross-examination that the testimony of a witness may be affected by fear or favor growing out of the disposition of pending criminal matters, Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), or that the witness has a particular motive for testifying. Spaeth v. United States, 232 F.2d 776 (6th Cir. 1956). Indeed, there can be no doubt that the district court improperly limited the cross-examination of Alums. The government urges, however, and we agree, that the error was harmless in view of the fact that the testimony of a critical witness was not involved and be-

cause the direct evidence of guilt was overwhelming.

The record shows that the government introduced the testimony of three employees of the victimized institution who were eye-witnesses to the robbery. All three witnesses positively and unequivocally identified the appellant as the man who perpetrated the robbery. They all testified that the robber wore no mask and was clearly visible to them for a considerable period of time. Extensive cross-examination only served to buttress the certainty of the identification evidence.

In addition, the government produced photographic evidence of the robbery which clearly showed the robber placing his hands on the teller's counter and vaulting over the counter into the area where the money drawers were located. A government expert then testified that the palm and fingerprints taken from the top of the teller's counter where the robber had placed his hands matched those taken from the defendant following his arrest.

Alums was the last of 13 witnesses introduced by the government. Although his testimony on direct predictably aided the prosecution, defense counsel was able to cast considerable doubt on Alums' ability to remember the events subsequent to the robbery. Furthermore, counsel succeeded in inducing the witness to contradict much of the testimony given on direct examination.

Appellant cites a number of cases for the proposition that the complete denial of access to an area which is properly the subject of cross-examination is constitutional error of the first magnitude and as such cannot be considered harmless. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); United States v. Jackson, 482 F.2d 1167 (10th Cir.), cert. denied, 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1973); United States v. Jorgenson, 451 F.2d 516 (10th Cir. 1971). These cases, with the exception of Alford v. United States, written over 40 years ago, while supportive of appellant's position, can be distinguished factually.

In Davis, the Supreme Court noted that "[t]he accuracy and truthfulness of [the witness's] testimony [were] key element[s] of the State's case". 415 U.S. 317, 94 S.Ct. 1111. The Smith case involved the testimony of a "principal" prosecution witness. 390 U.S. at 131, 88 S.Ct. 748. The constitutional violation in Brookhart arose from the fact that the defendant "was denied the right to cross-examine at all any witness who testified against him." 384 U.S. at 4, 86 S.Ct. at 1247. In Alford, Jackson and Jorgenson it does not appear whether the witnesses involved were critical, and in addition, both Jackson and Jorgenson relied heavily on Smith v. Illinois, distinguished above.

Appellant has not cited, and we are unable to find, a single case where reversal was based upon the trial court's erroneous refusal to allow cross-examination of a merely buttressing prosecution witness. There are, on the other hand, a number of cases in which various courts have been confronted with improper limitations of cross-examination and found that the error was harmless. United States v. McKinley, 493 F.2d 547, 550–551, n. 6 (5th Cir. 1974); United States v. Brown, 482 F.2d 1226 (8th Cir. 1973); United States v. Davila-Nater, 474 F.2d 270 (5th Cir. 1973); United States v. Sidman, 470 F.2d 1158 (9th Cir. 1972), cert. denied, 409 U.S. 1127, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973); Longmire v. United States, 404 F.2d 326 (5th Cir. 1968), cert. denied, 395 U.S. 912, 89 S.Ct. 1757, 23 L.Ed.2d 225 (1969). The common holding in these cases is that reversal is required only where there has been a clear abuse of discretion and an adequate showing of prejudice. For example, in United States v. Brown, supra, 482 F.2d at 1229, the Eighth Circuit observed that even if the defendant in that case had been allowed to further test the

credibility of the witness and had such further questioning impugned the credibility of the witness, the conviction could stand because "the Government's case in chief did not rest upon the credibility of this witness alone." The defendant in United States v. Sidman was not permitted to elicit the bias of a witness by showing that the witness expected leniency. The Ninth Circuit allowed that the district court should have permitted that line of cross-examination, but held that the error was harmless because "the evidence was so overwhelming against Sidman." 470 F.2d at 1165.

In light of the above, we conclude that in the circumstances here presented, the failure to allow cross-examination of Alums as to his previous criminal record and motive for testifying was harmless error beyond a reasonable doubt. Rule 52(a), Fed.R.Crim.P. Further, the fact that the error was of constitutional magnitude does not rule out the application of the harmless error rule. See Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We have carefully examined appellant's claim that his arrest was illegal and found it to be without merit. Since the arrest was legal, there is no basis for appellant's assertion that evidence seized incident thereto should not have been admitted.

Appellant argues that he was denied a fair trial by virtue of improper remarks made by the prosecutor during his closing argument. The government, while admitting the intemperance of some of the prosecutor's remarks, notes that they were made in response to arguments made by appellant. The record supports the government's position. In addition, there is no showing that appellant was convicted other than on the evidence. United States v. White, 486 F.2d 204 (2d Cir. 1973), cert. denied, 415 U.S. 980, 94 S.Ct. 1569, 39 L.Ed.2d 876 (1974).

Finally, appellant attacks the district court's instruction requiring the jury to unanimously find appellant not guilty before it considered guilt or innocence on a lesser included offense. The complained of instruction was taken from Federal Jury Practice and Instructions, Vol. 1, § 17.11, approved by an extensive line of Supreme Court cases.

In accord with the aforesaid, the judgments in cases Nos. 74–1869 and 74–1870 are affirmed.