LEWIS JOHN BOROSH *v.* STATE OF INDIANA.

[No. 3-275A27. Filed October 30, 1975.]

*W. Richard Herron,* of Elkhart, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Lewis John Borosh (Borosh) was convicted of the crime of assault and battery with intent to gratify sexual desires[1] following a trial before a jury. His motion to correct errors was overruled by the trial court, and this appeal was perfected.

On appeal, Borosh first contends that the trial court erred in allowing two statutorily incompetent witnesses to testify. These witnesses were the prosecutrix and another girl, both of whom were less than ten years of age, and who testified that they submitted to sexual acts with appellant.

IC 1971, 34-1-14-5 (Burns Code Ed.) provides, in pertinent part:

"Who are incompetent.—The following persons shall not be competent witnesses:

* * *

Second. Children under ten [10] years of age, unless it appears that they understand the nature and obligation of an oath."

Under this statute, the testimony of children under the age of ten years is admissible over objection where a *voir dire* examination of such a witness discloses to the satisfaction of the trial court that the witness has an understanding of "the nature and obligation of an oath." *Martin* v. *State* (1969), 251 Ind. 587, 590, 244 N.E.2d 100. The determination of a trial court in this regard is reviewable only for a manifest abuse of discretion. *Shipman* v. *State* (1962), 243 Ind. 245, 183 N.E.2d 823, *cert. denied*, 83 S.Ct. 515, 371 U.S. 958, 9 L.Ed.2d 504.

In the case at bar, both of the witnesses whose competency is questioned by appellant demonstrated on *voir dire* ex-

---

1. IC 1971, 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns Supp. 1975).

amination that they understood the nature of an oath of truthfulness, and its obligation. It cannot be said that the trial court abused its discretion in allowing these witnesses to testify. *Martin* v. *State, supra.*

Appellant's next contention is that the trial court erred in failing to order a psychiatric examination of the prosecutrix upon his motion for the same. Our Supreme Court has indicated in the case of *Easterday* v. *State* (1970), 254 Ind. 13, 256 N.E.2d 901, that such an examination of the prosecutrix in sex-offense cases is often desirable. However, the court further stated that whether to order such an examination rests within the sound discretion of the trial court.

In *Easterday* our Supreme Court ultimately held that where the prosecutrix was shown to have fabricated numerous sexual incidents, was of tender years, and was the sole witness, there was an abuse of discretion in denying a psychiatric examination of her on the defendant's timely motion. In the case at bar, although the prosecutrix was also of tender years, she had no demonstrated history of fabricating stories of such incidents. Furthermore, the record reveals that another young girl from the same neighborhood testified that the appellant had performed similar acts on her and that such an examination was not requested until after the trial had commenced. No abuse of the trial court's discretion is shown in the case at bar.

The next issue which must be considered herein is whether the trial court erred in allowing the prosecutor to employ leading questions in his direct examination of the prosecutrix and two other very young witnesses. Appellant contends that the numerous leading questions permitted by the trial court during the direct examination of these witnesses resulted in "a substitution of the Prosecuting Attorney's thoughts for those of the witness[es]."

Although it is normally inappropriate to utilize leading questions in the direct examination of a witness, a trial court may, in its discretion, permit the use of such questions. A trial court's determination in this regard is reviewable on appeal only for an abuse of that discretion. *Shipman* v. *State, supra* (1962), 243 Ind. 245, 183 N.E.2d 823, *cert. denied,* 83 S.Ct. 515, 371 U.S. 958, 9 L.Ed.2d 504. In the case at bar, the leading questions permitted by the trial court were carefully phrased by the prosecutor so as to put these young witnesses at ease and coherently elicit their testimony. A careful review of the record discloses no attempt by the prosecutor to control the substance of their testimony. It cannot be said that the trial court abused its discretion in this regard.

The next issue presented for review concerns an alleged denial by the trial court of adequate cross-examination of the aforementioned witnesses.

It is well recognized that the Sixth Amendment right of confrontation includes the right of cross-examination. *Davis* v. *Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347. A number of decisions have held such right to cross-examination to be infringed upon where a defendant's counsel is wholly precluded from bringing before the jury on cross-examination relevant and substantial evidence bearing upon the credibility of a crucial witness against the accused.

*See, Davis* v. *Alaska, supra; U.S.* v. *Duhart* (6th Cir. 1975), 511 F.2d 7; *Snyder* v. *Coiner* (4th Cir. 1975), 510 F.2d 224; *U.S.* v. *Harris* (9th Cir., 1974), 501 F.2d 1.

Thus, it is clear that only a total denial of access to such an area of cross-examination presents a constitutional issue. Any lesser curtailment of cross-examination by the trial court is viewed as a regulation of the scope of such examination,

and such curtailment is reviewable only for an abuse of discretion. *Brooks* v. *State* (1973), 259 Ind. 678, 291 N.E.2d 559.

Therefore, when a constitutionally impermissible denial of cross-examination is asserted in a criminal cause before this court, our first inquiry must be whether the record establishes the existence of a constitutional issue. Where the line of inquiry proscribed by the trial court does not fall within the constitutionally protected area described hereinabove, this court is limited to an examination of any lesser errors of law or any abuses of discretion asserted by an appellant.

We now turn to the matters presented as error by Borosh in his brief. He asserts that the trial court improperly restricted his cross-examination of three prosecution witnesses: the prosecutrix, a playmate of the prosecutrix who witnessed the particular acts with which appellant was charged, and a third young girl who experienced a similar incident with appellant.

As to the prosecutrix, appellant claims that his cross-examination was impermissibly curtailed on three specific occasions. The first of these occurred when the trial court sustained an objection to a question regarding the subject-matter of the prosecutrix's daydreams. The purpose of this question, as revealed by an offer to prove made by defense counsel, was to elicit whether the prosecutrix had daydreamed about sexual incidents. However, substantially the same line of inquiry was later placed before the jury for its consideration during cross-examination.

The second instance in which appellant asserts that his cross-examination of the prosecutrix was erroneously curtailed concerned a question probing her admitted history of having told a few lies. However, as in the instance described above, the same information was later elicited without objec-

tion. In a third asserted instance of curtailment, the defense attorney asked a question, received a response, and an objection was made and sustained. However, the witness' response was not stricken, nor was the jury admonished to disregard it. Accordingly, the question and response remained before the jury for its consideration, and appellant has suffered no perceptible harm.

The eleven-year old who testified to having been present when the offense was committed was asked, "Have you ever told a lie?" The prosecution's objection was sustained, and no further attempt was made to question her credibility along this line.

Such question is wholly unrevealing as to such witness' veracity under oath. Whether a child has ever indulged in a factual fabrication under everyday circumstances is neither relevant nor revealing as to such child's truthfulness as a sworn witness in a court proceeding. Rather, such questions may be characterized as tending to unreasonably harass, annoy or embarrass a witness, and may be properly excluded by the trial court in its discretion. No constitutional transgression has been shown under this assignment of error, and the record demonstrates no abuse of discretion by the trial court in curtailing such line of questioning.

As to the witness who testified to similar acts by appellant, the defense unsuccessfully sought at one point to elicit the fact that this child had also told some lies in the past. Again, however, such information was later admitted without objection.

Appellant finally contends that there was insufficient evidence adduced by the State at trial to furnish a legally adequate basis for his conviction. When questions concerning the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical

and reasonable inferences which may be drawn therefrom. Further, it is not our function to weigh the evidence or determine the credibility of witnesses. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554.

IC 1971, 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns Supp. 1975), provides:

"Assault and battery.—Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth [12] birthday but has not attained his or her seventeenth [17] birthday, or fondles or caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years: Provided further, That if such child has not attained his or her twelfth [12] birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two [2] years nor more than twenty-one [21] years."

The facts and inferences most favorable to the State in the record of this cause establish that appellant was acquainted with the nine-year old prosecutrix in this cause; that appellant purposely removed the clothing from the lower portion of her body; and that appellant touched her vaginal area. Such evidence establishes a fondling or caressing by appellant of a female child under the age of twelve years with an intent to gratify his sexual desires. *Tapp* v. *State* (1971), 256 Ind. 422, 269 N.E.2d 367; *Parker* v. *State* (1962), 243 Ind. 482, 185 N.E.2d 727; *Simmons* v. *State* (1975), 163 Ind. App. 437, 324 N.E.2d 513 (transfer denied); *Shultz* v. *State* (1973), 155 Ind. App. 142, 291 N.E.2d 712.

Appellant further asserts that the State failed to establish that the acts set forth hereinabove occurred on the date alleged in the amended affidavit: April 5, 1973. However, the following testimony as to the date of the offense was given by the girl who witnesses such acts:

"Q Do you know when that was?
"A. On a Thursday.
"Q O.K., and, do you know when during the year?
"A April.
"Q And, do you know when in April?
"A The fifth. The day my Mom crushed her finger.

\* \* \*

"Q You say this happened on April the 5th, 1973, is that correct?
"A Yes."

Additionally, the prosecutrix identified the day in question as being the Thursday during her spring vacation from school in 1973.

No reversible error having been shown, the judgment of conviction of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 336 N.E.2d 409.