## WILLIAM S. LAND *v.* STATE OF INDIANA

[No. 3-576A120. Filed September 21, 1977.]

*Harriette Bailey Conn*, [*Mrs.*], Public Defender of Indiana, *Bobby Jay Small, Lawrence D. Giddings, David P. Freund*, Deputy Public Defenders, *Jerrilee P. Sutherlin*, Research Assistant, for appellant.

*Theodore L. Sendak*, Attorney General, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

STATON, P.J. — William S. Land was convicted by a jury of Second Degree Arson. He was then sentenced to an indeterminate term of not less than five (5) nor more than ten (10) years in the Indiana State Prison. In his appeal to this Court, Land raises the following issues:

(1) Did the trial court err in allowing into evidence testimony of other criminal conduct?

(2) Did the trial court err in allowing into evidence testimony of Land's prior criminal convictions?

(3) Was Land prejudiced by the prosecutor's questions concerning Land's ability to hire his own counsel?

(4) Did the trial court err by permitting trial counsel to represent Land where the same trial counsel represented an accomplice?

We find no error, and we affirm.

## I.

### Criminal Conduct

On the night of April 15, 1975, Land met with several of his friends. After drinking beer for four or five hours, they went to the house of an acquaintance to purchase some marijuana. On the return trip they pulled up approximately thirty road signs and started a grass fire. Land and his friends then found an empty barn and proceeded to burn it down. Land's first contention is

that the trial court erred in allowing testimony concerning the grass fire. We disagree.

The long established rule in Indiana is that evidence of other criminal conduct independent of the offense charged is inadmissible on the question of guilt. *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632. However, there are exceptions to the general rule. We are of the opinion that the starting of the grass fire was sufficiently related to the arson charged to be admissible as what our cases refer to as the res gestae of the offense charged. The grass fire was an occurrence near in time and place which completes the story of the crime on trial by proving its immediate context. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843, 847.

Additionally, we find that this evidence shows a common scheme or plan relevant to Land's guilt of the second degree arson and is therefore within the exception to the general rule allowing evidence of separate crimes to show intent, motive, purpose, identity or a common scheme or plan. *Maldonado, supra.*

## II.

### Prior Convictions

Land's next specification of error relates to evidence of his criminal record. Land testified during the presentation of his defense. On direct examination, Land's own counsel elicited from him testimony concerning a number of prior criminal convictions. On cross-examination, the prosecutor inquired into Land's adjudication as a juvenile delinquent, his use of drugs, and two other convictions. Land's counsel interposed no objections to this line of questioning but claims on appeal that the trial court erred by allowing it into the record.

An error not raised by proper objection during the trial will not be considered on appeal unless the failure to consider the alleged error would deny the appellant fundamental due process. *Brown v. State* (1975), 264 Ind. 40, 338 N.E.2d 498. There is no such denial of due process here. By failing

to object, Land has waived any possible error concerning this testimony.

### III

### Prosecutorial Comments

Land also contends that he was prejudiced by the prosecutor's questions concerning his ability to hire his own attorney. On cross-examination the following questions were asked of Land by the prosecutor:

"Q. Who posted your bond?

"A. My wife.

"Q. How much was it?

"A. Five thousand dollars, five hundred dollar bond, five hundred dollars cash.

"Q. Were you able to hire your own attorney?

"A. No, I was not.

"Q. But she found five hundred dollars to put up the bond?

*Objection by Mr. Denniston, attorney for the Defendant*: To which I object, this is a matter between the Court and the defendant. The Court makes the decision on these matters and not the defendant.

*By the Court*: Well, I will overrule the objection because I believe when a defendant takes the stand why he opens up his entire background.

"Q. But your wife did find the five hundred dollars for the bond?

"A. Yes and that put us quite a bit behind, therefore, I was charged with second degree arson and I could not find a decent job and people was looking at me and looking down on me, they thought I had done burnt up a barn and it was very hard on me at that time."

We are not sure of the purpose of that line of questioning. The prosecutor may have been trying to impeach Land's credibility through the use of prior inconsistent statements, as was the case in *Swope v. State* (1975), 263 Ind. 148, 325 N.E.2d 193. The credibility of a witness is always subject to attack by the use of prior inconsistent statements. Land contends that the prosecutor was attacking his character by creating an innuendo that he was bilking the county out of the cost of defense counsel's services. We could not condone the prosecutor's actions if that was, in fact, his motive behind the questioning.

However, we are not at all certain that it was detrimental to Land's case for the jury to know that he was unable to find a decent job or hire his own attorney. Land was able to explain why he could post the bond but not pay for an attorney. He was also able to tell the jury about some of the hardships brought on by the filing of the charges against him. Therefore, the error, if any, in overruling Land's objection was harmless.

## IV.

### Trial Counsel

Land's final contention is that he was denied the effective assistance of counsel because his court-appointed trial counsel also represented an accomplice. That accomplice, Patrick Keating, entered into a plea agreement and became the chief prosecuting witness in the instant case.

The record, which is far from complete on this subject, shows that at the time Keating was charged, he was represented by William Denniston. However, by the time Keating entered into his plea agreement, Denniston had withdrawn his appearance and had been replaced by another attorney. At some time after Land was charged, the trial court found him to be indigent and appointed Denniston as his trial counsel. Denniston continued to represent Land throughout the course of the trial.

Perhaps Denniston merely represented Keating through his arraignment or until his bond was posted. Perhaps Denniston had withdrawn his appearance for Keating before he was appointed

to defend Land. The record is not clear. Although we are aware of the potential conflicts which may arise from joint representation of accomplices, we cannot say, in the case before us, that such a conflict existed so as to deny Land the effective assistance of counsel.

Affirmed.

Hoffman, J. and Garrard, J., concur.

NOTE—Reported at 367 N.E.2d 39.