Gary Velman FINNEY,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–976A216.

Court of Appeals of Indiana,
Third District.

Feb. 5, 1979.

Ronald V. Aungst, Valparaiso, William E. McKenna, Gary, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Lesly A. Bowers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant Gary Velman Finney (Finney) was convicted in a jury trial of rape to which he was sentenced to a determinate period of eight years. His appeal raises the following issues for review:

(1) whether the rape shield statute is unconstitutional;

(2) whether the trial court abused its discretion when it restricted the scope of cross-examination of the prosecutrix;

(3) whether the prosecution used improper tactics in impeaching the defendant;

(4) whether the trial court erred in denying defendant's motion for judgment on the evidence; and

(5) whether there was sufficient evidence to support the rape conviction.

The victim of the rape testified that while hitchhiking on U.S. Highway 6 on September 17, 1974, she accepted a ride from the defendant who agreed to drive her to the Liberty Farms Trailer Park where

she lived. But instead of driving to her trailer court, Finney turned off of U.S. 6 and drove around the surrounding area for almost an hour until he stopped his Volkswagen near an abandoned building. Placing a knife at the victim's throat, defendant grabbed her breast, but when she began to scream at him to leave her alone, he put the knife under his leg and said he would take her home. However, he then drove her to a cornfield where he parked his car and told her that he would hurt her if she tried to escape. After ordering the victim to undress and climb in the backseat of the car, the defendant raped her at knifepoint. The defendant then drove her to the trailer park where they scuffled in her attempt to snatch his car keys. As a result of the fray, the victim received minor scratches. She enlisted the aid of neighbors to call the police.

Before trial, the State was granted a motion in limine which precluded the defendant from examining the prosecutrix as to her prior sexual conduct. This motion was based upon the rape shield statute which prohibits evidence of the victim's past sexual conduct and opinion or reputation evidence of the victim's prior sexual conduct. Defendant maintains that the rape shield statute, IC 1971, 35–1–32.5–1 (Burns Code Ed.) violates his right to confront witnesses; his right to counsel; and his right to trial by jury which are all guaranteed by the Sixth Amendment of the United States Constitution because it restricts a defendant's cross-examination of witnesses. He also asserts that the statute is constitutionally infirm because it denies rape defendants equal protection of the law under the Fourteenth Amendment of the United States Constitution and because it is an *ex post facto* law as applied to him.

▋ Defendant's contention that the rape shield statute infringes on his right to confront witnesses because he cannot attack the credibility of the prosecutrix through her prior sexual conduct must be rejected.

"It is well recognized that the Sixth Amendment right of confrontation in-cludes the right of cross-examination. *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347. A number of decisions have held such right to cross-examination to be infringed upon where a defendant's counsel is wholly precluded from bringing before the jury on cross-examination relevant and substantial evidence bearing upon the credibility of a crucial witness against the accused. *See, Davis v. Alaska, supra; U.S. v. Duhart* (6th Cir., 1975), 511 F.2d 7; *Snyder v. Coiner* (4th Cir., 1975), 510 F.2d 224; *U.S. v. Harris* (9th Cir., 1974), 501 F.2d 1. Thus, it is clear that only a total denial of access to such an area of cross-examination presents a constitutional issue. Any lesser curtailment of cross-examination by the trial court is viewed as a regulation of the scope of such examination, and such curtailment is reviewable only for an abuse of discretion. *Brooks v. State* (1973), 259 Ind. 678, 291 N.E.2d 559." *Borosh v. State* (1975), Ind.App., at 336 N.E.2d 409, at 412–413.

The Indiana Supreme Court recently held that the Indiana rape shield statute does not violate a defendant's Sixth Amendment right to confront witnesses. *Lagenour v. State* (1978), Ind., 376 N.E.2d 475; *Roberts v. State* (1978), Ind., 373 N.E.2d 1103. In *Lagenour,* the Court stated:

"Appellant has relied upon the general contention throughout that the limitation deprived him of 'reasonable latitude in effectively cross-examining the witness . . . in eliciting facts concerning their prior sexual conduct for the purposes of revealing their reputations for veracity, possible biases, prejudices or ulterior motives.' There is no suggestion made of the existence of any line of questioning related to any of the witnesses which could have been followed in the absence of the limitation. There is no suggestion made that any of the witnesses might have an attitude or inclination which could be the product of prior sexual conduct. Appellant's contention that he was deprived by the order and statute from effectively cross-examining the

three witnesses cannot be sustained. We would not be understood as requiring counsel to make an offer to prove to substantiate a confrontation claim of this sort, as any such requirement would be contrary to present law, *Strickland v. State* (1977), Ind., 359 N.E.2d 244. What we do require is the showing of an actual impingement upon cross-examination."

Applying the rationale of *Borosh* and *Lagenour,* since the defendant was not precluded from impeaching the prosecutrix on other grounds such as prior convictions of enumerated felonies, (*See: Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210), bias, prejudice, or reputation for truthfulness or veracity, there was not a total denial of cross-examination on the issue of the credibility of the prosecutrix. Hence, defendant has not shown any actual impingement of his right to cross-examine.

■ Defendant's contentions that he was denied his right to effective assistance of counsel and to trial by jury because he was precluded from presenting all the relevant evidence of the case to the jury must also be rejected since these arguments were based on his inability to explore the credibility of the complaining witness.

■ Defendant's next argument is that the rape shield statute violates the equal protection clause of the Fourteenth Amendment because it invidiously discriminates against rape defendants. This allegation is premised on the fact that only in rape cases are there limitations on the type of character evidence that may be presented. Since rape defendants are not a suspect classification, the equal protection clause requires only that there be a rational and reasonable basis for the classification and that it bear a fair relationship to the purpose of the statute. *Geyer v. City of Logansport* (1977), Ind., 370 N.E.2d 333. *Roberts v. State, supra,* held that the rape shield statute was a rational attempt by the Legislature to

protect the prosecutrix from harassment that might arise if her prior sex life was disclosed in court. Another closely related justification for rape shield laws is that they will aid in crime prevention because victims, knowing that the statute protects them from the embarrassment of introduction of evidence of previous sexual activity, will be encouraged to report rape offenses.[1] In light of these legitimate state policies, it cannot be said that the disparate treatment of this statute is without a reasonable basis.

■ Defendant's last assertion of constitutional error is that the rape shield law introduced a new rule of evidence which made it easier to convict him, and that as to offenses committed before its passage, it is *ex post facto.*[2] "The plain and obvious meaning of this prohibition is, that the legislature shall not pass any law, after a fact done by any citizen, which shall have relation to that fact, so as to punish that which was innocent when done; or to add to the punishment of that which was criminal; or to increase the malignancy of a crime; or to retrench the rules of evidence, so as to make conviction more easy." *Strong v. State* (1822), 1 Blackford 193. The *ex post facto* clause [3] applies only to laws which deprive a person accused or convicted of a crime of a substantial personal right which he would have had at the time he committed the offense. Thus, the inquiry turns on whether the statute changed a "substantial right" or "mere procedure." *Warner v. State* (1976), Ind., 354 N.E.2d 178.

In *Robinson v. State* (1882), 84 Ind. 452, the Indiana Supreme Court held that a statute permitting the use of general moral character evidence to impeach witnesses was not an *ex post facto* law on the grounds that the statute merely furnished a rule of practice applicable to trials for offenses committed before and after its passage. Similarly, the rape shield statute affects the use of character evidence to impeach witnesses at trial and is therefore procedural in

1. 9 Ind.L.Rev. 435 (1976).

2. While the offense was committed in 1974, the rape shield statute did not become effective until 1975.

3. United States Constitution, art. 4, § 10, cl. 1.

nature. Since many other avenues of impeachment were open to the defendant, restricting evidence of the prior sexual conduct of the victim did not deny the defendant any substantial right of confrontation. It would create endless confusion in legal proceedings if every case was to be conducted only in accordance with the rules of practice in existence when its facts arose.

■ Defendant contends that the trial court abused its discretion when it restricted the scope of cross-examination of the prosecutrix. On direct examination, the prosecutor asked the witness whether she had smoked marijuana on the day she was raped, and she replied that she had not. On cross-examination, the defendant sought to elicit from the witness whether she had ever smoked marijuana to which the State objected as being outside the scope of direct examination. The trial court properly sustained the State's objection. Clearly, the trial judge has broad control over the scope and content of cross-examination when it is directed into such highly emotive areas as narcotics use, which carry with their very nature serious dangers of undue prejudice. Questions pertaining to the use of drugs when asked for the purpose of attacking the credibility of the witness are proper to show that at the time of the event to which the witness testified, her powers of observation and memory were impaired so that her recollection and account of the experience might be inaccurate. In *Commonwealth v. Gaddy* (1976), 468 Pa. 303, 362 A.2d 217, prohibiting defense counsel from asking the prosecutrix "Do you take drugs?" was held not to be an abuse of discretion on the grounds that testimony of that sort only serves to interject an extraneous issue into the trial, thereby diverting the jury from its principal duty—the determination of the guilt or the innocence of the accused. *See also*: 65 A.L.R.3d 705; 81 Am.Jur.2d Witnesses § 546 for cases excluding questions on general drug usage.

■ The victim also testified on direct that after she had explained the circumstances of the rape to the police, she went to Porter Memorial Hospital later that evening for a medical examination. On cross-examination, defendant asked her if she had ever been to Porter Memorial Hospital and she responded in the affirmative. When defense counsel asked her what she had been at the hospital for, the State objected on the grounds that the question exceeded the scope of direct examination. However, later in the course of cross-examination of the prosecutrix, defendant was permitted to question her, without objection, about her medical examination at the hospital the evening of the rape. The trial court properly sustained the State's objection since any visits to the hospital other than the date of the medical examination for the rape would not be relevant on the guilt or innocence of the defendant.

■ Defendant's next allegation of error is that the trial court abused its discretion when it permitted the prosecution to ask the defendant on cross-examination whether certain prior statements made by him under oath were lies. At defendant's previous trial for the rape, he testified regarding the alleged route that he drove with the victim the day of the rape. However, his testimony at the subsequent trial conflicted with his testimony at the first trial and the prosecutor confronted Finney with these inconsistencies. When a defendant takes the stand to testify in his own behalf, he becomes subject to all the rules which govern the cross-examination of witnesses. *Pearish v. State* (1976), 264 Ind. 339, 344 N.E.2d 296. Consequently, the credibility of the defendant as a witness is subject to attack by the use of prior inconsistent statements. *Land v. State* (1977), Ind.App., 367 N.E.2d 39. It cannot be said that the trial court abused its discretion since it was proper to impeach Finney's credibility through the use of prior inconsistent statements.

■ The defendant also assigns as error the overruling of his motion for judgment on the evidence at the close of the State's case. After this motion was denied, defendant proceeded to introduce evidence on his behalf. Where the defendant has introduced evidence in defense after denial of

his motion for judgment on the evidence at the close of the State's case-in-chief, he waives any possible error in the overruling of the motion. *Snyder v. State* (1978), Ind., 373 N.E.2d 1101.

Defendant's final allegation of error is that the verdict was not supported by sufficient evidence. The standard of review in determining the sufficiency of the evidence for a criminal conviction is to look only to that evidence most favorable to the State and the reasonable inferences therefrom to support the jury's verdict. When there is substantial evidence of probative value to support the verdict of the jury, the conviction must be upheld. *Jones v. State* (1978), Ind., 377 N.E.2d 1349. To prove the crime of rape, the State must show penetration forcibly against the will of the woman. *Dixon v. State* (1976), 264 Ind. 651, 348 N.E.2d 401.

The victim in the instant case testified that the defendant forced her at knifepoint to undress and submit to sexual intercourse with him in his automobile. Further, she testified that she did not consent to the intercourse; that the defendant penetrated her; and that she was frightened he would hurt her with his knife if she resisted his advances. Thus, there was substantial evidence of probative value to support the conclusion by the trier of fact. In *Dixon v. State, supra,* evidence showing that assailant drove the victim in his car with a knife in his hand and near her head and threatened to harm her if she did not comply with his demands was sufficient to prove the intercourse was by force and against the will of the victim.

It is well settled that a conviction of rape may rest on the testimony of the victim alone. *Harris v. State* (1978), Ind., 373 N.E.2d 149. Therefore, the failure of the State to present a medical examination report to corroborate the prosecutrix's story does not affect the sufficiency of the evidence. *Taylor v. State* (1974), 162 Ind.App. 384, 319 N.E.2d 648.

No reversible error having been shown, the judgment of the conviction appealed from is affirmed.

Affirmed.

GARRARD, P. J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent, since the trial court did abuse its discretion by not permitting the defense to ask the prosecutrix on cross-examination about her marijuana smoking habits. This line of cross-examination was vitally necessary to the defense to discredit the only testimony which could convict him. There was no medical report in evidence to corroborate her testimony. Here, the defendant was denied a reasonable opportunity to test the credibility of the only witness who testified about the rape. A fair trial is denied without reasonable cross-examination of those who testify against you. A fair trial was denied Finney.