Zelmer HOLDER, Appellant,

v.

STATE of Indiana, Appellee.

No. 878S162.

Supreme Court of Indiana.

Nov. 5, 1979.

Harriette Bailey Conn, Public Defender, Marcia L. Dumond, David P. Freund, Deputy Public Defenders, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jeffrey K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On September 20, 1977, appellant Zelmer Holder was found guilty by a jury of the crime of rape of a female child under the age of sixteen years, under Ind.Code § 35–13–4–3 (Burns 1975). The information charged that this female child was nine years old. He was sentenced to life imprisonment by the court. Appellant presents four issues for our review, concerning: (1) whether the trial court erred in denying defendant's motion for psychiatric examination of the prosecuting witness; (2) whether the trial court erred in determining that the nine year-old prosecuting witness was competent to testify; (3) the sufficiency of the evidence; and (4) whether the defendant was properly sentenced under the penalty provision of Ind.Code § 35–13–4–3 (Burns 1975), rather than under the new penal code, which became effective October 1, 1977.

## I.

The prosecutrix in this case was a nine year-old female child. She was left with appellant and his wife while her parents went to a funeral home. Appellant's wife left the house for about fifteen or twenty minutes, and it was during this period that the incident occurred. Appellant moved the trial court to order a psychiatric examination of prosecuting witness K. D. to determine her competency as a witness. The trial court denied the motion and refused to order the examination.

In *Easterday v. State*, (1970) 254 Ind. 13, 256 N.E.2d 901, this Court clearly held that a defendant has no right to subject a prosecuting witness, in a trial on a sex offense, to a psychiatric examination. The Court can order such an examination where, in its sound discretion, it determines one to be necessary. *See Wedmore v. State*, (1957) 237 Ind. 212, 143 N.E.2d 649. Appellant claims that the trial court abused its discretion and committed reversible error when it denied defendant's motion for examination of the prosecutrix in this case. His sole basis for this contention is found in the witness' use, during her testimony, of slang terms which commonly identify the human genitals and the act of intercourse.

We will not disturb the trial court's ruling on this question except upon a clear showing of an abuse of discretion. *Easterday v. State, supra.* Following *Easterday,* the Court of Appeals in *Allen v. State,* (1972) 152 Ind.App. 284, 283 N.E.2d 557, found that a court-ordered psychiatric examination to determine the competency of a witness was proper, but that a court's refusal to grant an examination in order to determine a witness' *credibility* was not error. Again, in *Borosh v. State,* (1975) 166 Ind.App. 378, 336 N.E.2d 409, the Court of Appeals found that no error occurred where the trial court refused to order a psychiatric examination of the prosecutrix.

In *Easterday v. State,* supra, the trial court abused its discretion when it refused to order an examination, where evidence showed that the prosecutrix had implicated other men in acts of sexual misconduct and had admitted telling stories of the nature for which the defendant was being tried. In the case at bar, there was no evidence on which to predicate a motion for psychiatric examination. The age of the witness does not, of itself, necessarily obligate the court to order an examination. There was no evidence of past conduct of the character of the witness that indicated that an examina-

tion was called for. Therefore, we hold the trial court did not abuse its discretion in refusing to require the prosecutrix to undergo the psychiatric examination.

## II.

Appellant next argues the trial court erroneously determined that the prosecutrix, K. D., was competent to testify. At the time of this trial, Ind.Code § 34–1–14–5 (Burns 1975) defined those persons who are incompetent to testify:

"[c]hildren under ten (10) years of age, unless it appears that they understand the nature and obligation of an oath."

In interpreting this statute, the Court of Appeals, in *Borosh v. State, supra,* held:

"Under this statute the testimony of children under the age of ten (10) years is admissible over objection where a voir dire examination of such a witness discloses to the satisfaction of the trial court that the witness has an understanding of 'the nature and obligation of an oath.'"

166 Ind.App. at 381, 336 N.E.2d at 411 [citations omitted]. The determination of a trial court in this regard is reviewable only for a manifest abuse of discretion.

The record shows the trial judge thoroughly questioned the prosecutrix. This examination revealed that the witness understood the obligation of testifying under oath. After receiving favorable responses from the prosecutrix, the trial judge found her competent to testify. We do not find that he abused his discretion in doing so. *Scales v. State,* (1975) 165 Ind.App. 588, 333 N.E.2d 814.

## III.

Appellant claims the State failed to prove beyond a reasonable doubt that penetration occurred. It is true that penetration by a penis is an element of the offense of rape, and must be proved beyond a reasonable doubt. However, it is well-settled that, in proving rape, proof of the slightest degree of penetration is sufficient. In fact, the finder of fact may infer penetration from circumstantial evidence such as the physical condition of the victim soon after the incident. *Allbritten v. State,* (1974) 262 Ind. 452, 453, 317 N.E.2d 854, 855; *Garr v. State,* (1974) 262 Ind. 134, 137, 312 N.E.2d 70, 71.

We, of course, do not weigh the evidence or judge the credibility of the witnesses. In determining whether the verdict is supported by sufficient evidence this Court looks at the evidence most favorable to the State and the reasonable inferences to be drawn from that evidence. The verdict will not be disturbed if there is substantial evidence of probative value from which the trier of fact could find the defendant guilty beyond a reasonable doubt. *Brewer v. State,* (1979) Ind., 390 N.E.2d 648, 653; *Reutz v. State,* (1978) Ind., 373 N.E.2d 152, 156.

The prosecutrix testified that she awoke on a bed with her pants pulled down to her ankles. Appellant had his hands on her neck and his penis was pushing against her vagina. She stated her vagina was spread apart with his penis and that he had "spreaded" it apart far enough that he could achieve a certain amount of penetration. Her mother testified that upon finding that something was wrong with K. D., she examined K. D., and found her to be red and raw in the area of her vagina. Dr. John Schuck testified that he examined K. D., and found swelling and inflammation in the outer part of the genitalia, extending one-quarter inch into the vagina. The hymenal ring was irregular and asymmetrical. He testified that he could not say with certainty that a penis caused the inflammation, but he did state that his findings were consistent with the story related by K. D. There was, therefore, sufficient evidence for the jury to find beyond a reasonable doubt that penetration had occurred and that the appellant had raped K. D.

## IV.

Appellant next complains that he should have been sentenced upon his conviction for rape under the provisions of the new penal code, which took effect October 1, 1977. This incident occurred on Novem-

ber 9, 1976. The trial was held and Holder found guilty on September 19 and 20, 1977. However, he was sentenced on October 21, 1977. As pointed out above, appellant was sentenced to a life term under the statute in effect at the time he committed this crime. The new penal code provides that this act would be a Class B felony and would carry a fixed term of imprisonment of ten years, with not more than ten years added for aggravating circumstances or more than four years subtracted for mitigating circumstances.

We have already decided this issue in several cases. The new code provides in § 150 of Acts of 1977 P.L. 340, that the new code does not apply where rights or liabilities accrued, penalties were incurred or proceedings were begun prior to October 1, 1977. This section states without equivocation that "[t]hose rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act . . had not been enacted." Subsection (b) provides: "An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law." It is clear under the provisions of this statute that appellant was properly sentenced under the law in effect at the time of the crime, trial and conviction, even though he was sentenced after October 1, 1977. *Henson v. State*, (1979) Ind., 392 N.E.2d 478; *Parks v. State*, (1979) Ind., 389 N.E.2d 286; *State v. Palmer*, (1979) Ind., 386 N.E.2d 946; *Holsclaw v. State*, (1979) Ind., 384 N.E.2d 1026; *Watford v. State*, (1979) Ind., 384 N.E.2d 1030; *Rogers v. State*, (1979) Ind., 383 N.E.2d 1035.

Finding no reversible error, we affirm the judgment of the trial court.

All Justices concur.