Leroy THOMAS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 481S119.

Supreme Court of Indiana.

Dec. 2, 1981.

Charles E. Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Leroy Thomas, was convicted by a jury of violating the Indiana Uniform Controlled Substance Act, a class B felony, Ind.Code § 35–48–4–1 (Burns 1979 Repl.) and conspiracy to commit dealing in a controlled substance, a class B felony, Ind.Code § 35–41–5–2 (Burns 1979 Repl.) and Ind.Code § 35–48–4–1, *supra*. He was sentenced to concurrent terms of twelve years in the Indiana Department of Correction. In his direct appeal to this Court, he presents the following issues for our review:

1. Whether the trial court erred when it failed to rule on defendant's pleading denominated "Notice of Appeal"; and

2. Whether the evidence was sufficient to support the verdicts of the jury.

Defendant's convictions followed from the state's charges that on February 6, 1980, in Indianapolis, Indiana, he conspired to deliver and did deliver a quantity of heroin with an aggregate weight less than three grams to a police informant.

I.

Throughout his trial and during sentencing, defendant was represented by counsel.

Three days after sentencing, acting *pro se*, he filed a document in Marion Superior Court entitled "Verified Notice of Appeal." The substantive contents of the document read in their entirety:

"Now comes, *Leroy Thomas, pro-se*, the defendant and demands the right of Appeal because he was denied a fair and impartial trial by my peers in that the Prosecuting Attorney and the Judge have obtained and hold their titles unlawfully and are of a same class of citizens distinct and seperate [sic] the general public as registered voters by lot and that said, Judges and Prosecuting Attorneys have passed judgement discriminatory and prejudicious solely based upon manifested sociological [sic] attitudes of superiority and violation of the 14th Amendment manifesly [sic] compelled to violate their sworn oath of impartiality that supported selective prosecution in that my accuser was a confessed violator of the law and that the prosecutor and other accuser including the Police who are wrongful of I.C. 35–41–2–4; Aiding, Inducing and Causing Offenses in violation of U.S. Code 42, Section 1985, Section 1986, Conspiracy under the color of law to violate Civil Rights, Title 18, Sections 2510 to 2520, also violating Constitutional Rights Amendments 1, 4, 5, 6, 8 and 14 of the U.S. Constitution.

"Therefore, the defendant asks the court to protect his right of appeal based on the harmful errors of law aforementioned and requests a trial de novo by impartial neutral tribunal and public prosecutor and judges elected in conformity with Article II, Section 1 and Section 14.

"This defendant further states that the court be placed on notice that any appointed counsel pursue his right of appeal by trial de novo and that the defendant objects to any other lesser appeal substituted.

"The defendant also demands equal protection of the law in conformity with Indiana Constitution, Article I, Section 12—'Justice shall be administered freely and without purchase: completely, and without denial: speedily, and without de-lay,' and that defendant be allowed protection under Article II, Sections 16 and 17—Right to Bail."

By counsel, defendant subsequently filed a motion to correct errors. The only grounds for relief alleged therein was the contention that the verdicts were not supported by sufficient evidence and were consequently contrary to law.

The motion to correct errors was subsequently denied by the trial court. The record reveals the court never ruled on the *pro se* "Verified Notice of Appeal."

Here—for the first time—defendant maintains the trial court's failure to rule on his *pro se* "pleading" precluded appellate presentation and review of the issues raised therein. The issue is as novel as the "Verified Notice of Appeal" from which it was born.

■ Legions of case law belie defendant's contention. Pursuant to Ind.R.Tr.P. 59 and Ind.R.Ap.P. 8.3, a motion to correct errors is the proper procedural vehicle for challenging the validity of trial court proceedings which have resulted in an adverse judgment. Ind.R.Crim.P. 16. Failure to raise an issue in a motion to correct errors generally results in a waiver of the right to have the question considered on appeal. *See, e. g., Morris v. State*, (1979) Ind., 384 N.E.2d 1022; *Stacker v. State*, (1976) 264 Ind. 692, 348 N.E.2d 648; *Beech v. State*, (1974) 162 Ind.App. 287, 319 N.E.2d 678; *Taylor v. State*, (1974) 162 Ind.App. 384, 319 N.E.2d 648. This Court has specifically held the strictures of Ind.R.Tr.P. 59 to apply with equal force to *pro se* and licensed advocates. *Owen v. State*, (1978) 269 Ind. 513, 381 N.E.2d 1235.

■ Technically, then, defendant's contention has been waived, for the failure of the court to rule on the "Verified Notice of Appeal" was not raised in the motion to correct errors. Nor were the matters contained in the "Verified Notice of Appeal" iterated in the motion to correct errors.

Nearly two months elapsed between the filing of the "Verified Notice of Appeal"

and the court's ruling on the motion to correct errors. Ample opportunity existed for defendant to merge the substantive contentions contained in his *pro se* "pleading," as well as to demand a ruling on the matters contained therein. Defendant did neither, however; in light of these circumstances, the trial court properly proceeded in accordance with the trial rules which govern its actions. *Misenheimer v. State,* (1978) 268 Ind. 274, 374 N.E.2d 523.

Furthermore, as defendant acknowledges, errors "fundamental" in nature—those so prejudicial to defendant's rights that he could not have had a fair trial—may be raised for the first time on appeal. *Dooley v. State,* (1979) Ind., 393 N.E.2d 154; *Young v. State,* (1967) 249 Ind. 286, 231 N.E.2d 797; *Winston v. State,* (1975) 165 Ind.App. 369, 332 N.E.2d 229. Whether defendant's assertions would warrant invocation of the fundamental error doctrine, those issues have not been argued on appeal. The arguments contained in the "Verified Notice of Appeal" have consequently been waived. *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042; *Slagle v. State,* (1979) Ind. App., 393 N.E.2d 798.

### II.

In support of his contention that the evidence was insufficient to support his conviction, defendant challenges the testimony of the sole witness against him, Phillip Johnson. Johnson, in exchange for his release from custody and dismissal of various charges pending against him, cooperated with the state by purchasing the heroin from defendant and subsequently testifying against him. Based on these facts, together with contradictions in Johnson's testimony concerning his own heroin usage and his criminal record, defendant argues Johnson's testimony was "rendered totally void of probative value" and cannot support the verdict.

■ This Court has emphasized the importance of disclosure to the jury of any agreements between the state and its witnesses. *Walters v. State,* (1979) Ind., 394 N.E.2d 154; *Newman v. State,* (1975) 263 Ind. 569, 334 N.E.2d 684. Our concern in that regard is premised on the fact that the jury, *as sole judge of the credibility of witnesses,* must be fully informed of any matters which bear directly on a witness's credibility and motivations in testifying. *Id.* Here, the parameters of the state's agreement were fully detailed during the trial. Johnson was subjected to vigorous and thorough cross-examination by defense counsel. His motivations for testifying, the contradictions in his testimony, and his criminal record were laid bare for the jury to assess in terms of his credibility as a witness. The jury apparently chose to believe his testimony; it is well settled that this Court cannot supplant the jury's assessment on the subjective matter of a witness's credibility. *Rodgers v. State,* (1981) Ind., 422 N.E.2d 1211; *Moon v. State,* (1981) Ind., 419 N.E.2d 740; *Walters v. State, supra; Robinson v. State,* (1977) 266 Ind. 604, 365 N.E.2d 1218. Only when the testimony itself is "inherently improbable," as in *Penn v. State,* (1957) 237 Ind. 374, 146 N.E.2d 240, or coerced, equivocal, and wholly uncorroborated testimony of "incredible dubiosity," as in *Gaddis v. State,* (1969) 253 Ind. 73, 251 N.E.2d 658, has this Court found evidence to be void of probative value.

Here, Johnson's testimony regarding the heroin transaction was unequivocal and corroborated by testimony of police officers concerning the events immediately prior and subsequent to the transaction. Neither *Penn* nor *Gaddis* is consequently applicable here.

The jury was fully apprised of the matters bearing on Johnson's credibility. It had the opportunity to judge his demeanor on the witness stand. In the circumstances before us, we cannot say as a matter of law that Johnson's testimony was without probative value. His testimony established defendant's commission of the elements which compose the crimes at issue; the evidence was sufficient to support his convictions.

For all the foregoing reasons, there was no trial court error and the judgment should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.