779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GLENN SADDLER, Plaintiff-Appellant,
v.
LEBANON POLICE DEPARTMENT, CHIEF L. JONES, OFFICER
BEACHBORD, Defendants-Appellees.
 84-5601
 United States Court of Appeals, Sixth Circuit.
 10/7/85
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: MARTIN and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Saddler appeals pro se from the district court's judgment in favor of the defendants in this civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Saddler's complaint alleged that he was beaten by a police officer from the Lebanon, Tennessee police department. The defendants denied that any beating took place. The district court appointed counsel to represent Saddler and impaneled a jury. The court dismissed the police department and the chief of police as defendants after the presentation of the plaintiff's case. The jury later entered a verdict in favor of the officer.
 
 
 3
 Saddler alleges that he was denied a fair trial because the jury, the defense counsel, and the trial judge were all white, while he is black. Saddler's counsel made no objections on this ground during trial. In general, a federal appellate court does not pass on issues not raised below unless there is plain error or where injustice might result. Singleton v. Wulff, 428 U.S. 106, 120-21 (1976). We have examined the trial transcript, and we do not find any instances of racial discrimination against Saddler. So this issue is without merit.
 
 
 4
 Saddler also challenges the admission of his prior criminal record to impeach him. A witness may be impeached by questions which show the commission of a felony or crime involving dishonesty or moral turpitude. Rule 609(a)(2), Federal Rules of Evidence; United States v. Duhart, 511 F.2d 7, 8 (6th Cir.), cert. dismissed, 421 U.S. 1006 (1975). So the references to Saddler's prior criminal record involving forgery were proper in this case.
 
 
 5
 We have examined Saddler's other issues and find them to be without merit. Therefore, the judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.