GLENN E. BEARD *v.* STATE OF INDIANA

[No. 1-877A172. Filed May 8, 1978.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Jewell K. Smith*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

ROBERTSON, J.—Defendant-appellant Glenn E. Beard (Beard) brings this appeal from the denial of his petition for post-conviction relief, wherein he contended that his guilty plea was not knowingly, intelligently, and voluntarily entered.

Beard raises four issues for review:

1.  Did the trial court err in denying Beard permission to file a belated supplemental motion to correct errors?

2.  Did the trial court err in denying Beard's petition for post-conviction relief without entering findings of fact and conclusions of law on all issues presented?

3.  Was Beard's plea of guilty entered knowingly, intelligently, and voluntarily?

4.  Did the trial court err in accepting Beard's plea of guilty without making inquiry concerning the factual basis for the plea?

Beard contends that the trial court erred when it denied him permission to file a belated supplemental motion to correct errors.

The appellate tribunal acquires jurisdiction on the date the record of the proceedings is filed with the Clerk of the Supreme Court and Court of Appeals. Ind. Rules of Appellate Procedure, Appellate Rule 3(A). When the appellate tribunal acquires jurisdiction, the trial court is deprived of any further jurisdiction over the action. *Bright v. State* (1972), 259 Ind. 495, 289 N.E.2d 128.

Beard filed his petition for permission to file a belated supplemental

motion to correct errors on September 29, 1977. Earlier that same month (on September 12, 1977) Beard had filed the record of the proceedings with the Clerk of the Supreme Court and Court of Appeals. Therefore, the trial court was without jurisdiction to entertain Beard's belated supplemental motion to correct errors.

Beard next contends that the trial court erred when it denied his petition for post-conviction relief without entering findings of fact and conclusions of law on all issues presented.

Ind. Rules of Procedure, Post-Conviction Remedy Rule 1, Section 6, provides, in part:

"The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held...."

This rule imposes a mandatory duty; the trial court must make specific findings of fact and conclusions of law on all issues presented in the petition for post-conviction relief. *Love v. State* (1971), 257 Ind. 57, 272 N.E.2d 456; *King v. State* (1974), 161 Ind. App. 196, 314 N.E.2d 805. The trial court erred.

Thirdly, Beard contends that his plea of guilty was not entered knowingly, intelligently, and voluntarily.

The entry of a plea of guilty entails the waiver of three vital federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827.

Beard and co-defendant Kindred appeared before the trial court June 20, 1974, after the trial court determined that probable cause existed for their arrest. When Kindred took the stand, the trial court informed Kindred that (1) he had the right to remain silent, (2) he had the right to be represented by an attorney, (3) he had the right to trial by jury, (4) he had the right to compulsory attendance of witnesses, (5) he had the right to confront accusers in court, and (6) the State would have to prove his guilt beyond a reasonable doubt. When Beard took the stand, the court informed Beard that he possessed the same constitutional rights that Kindred possessed; Beard responded that he understood. On July 2, 1974, Beard entered a plea of not guilty for each count charged.

Before the trial court accepted Beard's plea of guilty on August 29, 1974, the following exchange took place:

COURT: And you have consulted with your attorney and he has advised you of your constitutional rights, is that not correct?

BEARD: That is correct.

COURT: And I also advised you of your constitutional rights when you were in Court on the 21st [sic] of June, 1974?

BEARD: That's right.

COURT: Very well. You may step down, Mr. Beard.

In *Lockhart v. State* (1971), 257 Ind. 349, 274 N.E.2d 523, the Supreme Court affirmed a conviction in which the record revealed that the defendant responded affirmatively when asked whether he had been advised of his constitutional rights. The Supreme Court concluded its opinion, at 257 Ind. 358, with a warning, however:

"* * *

Even though as in the case at bar a defendant is represented by competent counsel, it is highly recommended that the trial court make the best possible record which may serve at future times to demonstrate that the accused was afforded all pertinent constitutional rights.

* * *"

Justice DeBruler filed a dissenting opinion, in which he stated, at 257 Ind. 360:

"* * *

It is the duty of the trial court to make it appear on the record that a criminal defendant was properly advised of his rights and freely and understandingly waived them by pleading guilty, and he cannot assume the defendant has obtained this information from some other source."

After the Supreme Court decided *Lockhart v. State, supra,* and before Beard entered his plea of guilty, IC 1971, 35-4.1-1-3 (Burns Code ed.) became effective:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) determining that he understands the nature of the charge against him;

(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby. . . ."

In *Norfrey v. State* (1976), 171 Ind. App. 590, 358 N.E.2d 202, 204 this court considered the requirements imposed by IC 1971, 35-4.1-1-3, *supra*:

"\* \* \*

While the statute does, in great measure, prescribe the 'pedantic ritual' eschewed by the court in *Fraley v. State* (1975), [163] Ind. App. [226], 223 N.E.2d 239 at 241, that result is not without grace. Adherence to IC 1971, 35-4.1-1-3 does at once mandate that the trial court determine for itself without surmise that a defendant has been informed of each right he is about to waive, preserve the colloquy on the record, and thus, diminish the opportunity for error by the trial court.

\* \* \*"

The State argues that the trial court's recitation of constitutional rights to co-defendant Kindred, incorporated by reference when Beard took the stand June 20, 1974, and incorporated by reference once again when Beard took the stand seventy days later, satisfies IC 1971, 35-4.1-1-3, *supra*. We cannot agree, for several reasons. First, when the trial court informed Kindred on June 20, 1974,

that he had a right to remain silent, that statement did not necessarily inform Kindred and Beard that the privilege against self-incrimination existed at trial as well as at that particular hearing. Secondly, after the hearing in which the trial court recited constitutional rights, Beard entered pleas of not guilty for each count charged. The record leaves this court to surmise (a) that Beard, who was eighteen years old and possessed a sixth grade education, remembered and understood his constitutional rights seventy days later, and (b) that Beard also understood that he was waiving those rights by pleading guilty.[1] The State asks for a presumption in favor of a waiver of fundamental rights, but our Supreme Court has recognized a contrary presumption. *Brimhall v. State* (1972), 258 Ind. 153, 279 N.E.2d 557.

In *Kindred v. State* (1977), 173 Ind. App. 624, 365 N.E.2d 776, 779, this court reasoned that the purpose of IC 1971, 35-4.1-1-3, *supra*, is

". . . to insure that a defendant, *at the time of entering his plea of guilty*, is fully informed of his rights and makes a responsible waiver of those rights and that a proper record is made of the proceedings to assure fair and efficient review by an appellate court in accordance with the mandates of the United States Supreme Court and the Indiana Supreme Court." (Our emphasis)[2]

We are constrained to hold that the record does not show that Beard knowingly and intelligently entered his plea of guilty.

Beard's final contention is that the trial court erred because it failed to inquire concerning a factual basis for the plea of guilty.

IC 1971, 35-4.1-1-4 (Burns Code Ed.) provides, in part:

"* * *

(b) The court shall not enter judgment upon a plea of guilty unless

---

1. Knowledge and understanding must be shown before an intent to waive constitutional rights will be implied in a defendant's expressed desire to plead guilty. *Ewing v. State* (1976), 171 Ind. App. 593, 358 N.E.2d 204.

2. In *Ewing v. State* (1976), 171 Ind. App. 593, 358 N.E.2d 204, 208 the Court of Appeals, Third District, stated: "When it is determined that a criminal defendant must be aware of certain specific things as a *sine qua non* to his ability to intelligently and voluntarily decide to plead guilty, it is sensible to require that the record disclose that *when the plea was entered*, he was aware of those specifics." (Our emphasis)

it is satisfied *from its examination of the defendant* that there is a factual basis for the plea.

* * *" (Our emphasis)

The record of the proceedings reveals no examination of Beard to establish a factual basis for the plea. The trial court erred.

The judgment of the trial court is reversed with instructions to grant the petition for post-conviction relief.

Lowdermilk, J. and Lybrook, P.J. concur.

NOTE—Reported at 375 N.E.2d 270.