Ronald A. GEORGE, Appellant,

v.

STATE of Indiana, Appellee.

No. 1079S272.

Supreme Court of Indiana.

April 30, 1980.

**340**

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

The appellant was charged with the Class B Felony of Burglary. On August 28, 1978, appellant informed the court that he wished to enter a plea of guilty, pursuant to a plea agreement which had been reached with the prosecuting attorney. The court was informed that the agreement would be reduced to writing and filed with the court. At that time, the court fully advised the appellant of his constitutional rights which he would waive by pleading guilty. On September 11, 1978, the trial court indicated that it would not accept the plea agreement and set the case for trial, for the next day.

On the following day, the appellant again offered to plead guilty. The plea agreement which had been referred to on August 28 had been reduced to writing and filed with the court. The plea agreement stated that the appellant had discussed specifically listed constitutional rights with his attorney and that by pleading guilty he would waive these rights. The court again informed appellant of his right to a trial by jury and determined that appellant was satisfied with his attorney and that the plea was voluntary and not the result of coercion.

After appellant described the manner in which the crime was committed, the court accepted appellant's plea. On October 10, 1978, the court imposed a 15-year sentence finding aggravating circumstances. Appellant subsequently filed a Petition for Post-Conviction Relief, which was denied on April 12, 1979. This appeal is from that denial.

Petitioner contends his plea of guilty was not knowingly, intelligently and voluntarily made. He takes the position that the proceedings on August 28, when the court was informed of his desire to plead guilty and when the court fully advised the petitioner of his rights are completely severable from the subsequent proceedings on September 12 when the court accepted the plea. We do not accept this proposition. The applicable statute, IC 35–4.1–1–3, [Burns 1973], provides:

"35–4.1–1–3 [9–1204]. *Plea of guilty—Defendant advised by court.*—The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

"(a) Determining that he understands the nature of the charge against him;

"(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

"(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

"(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

"(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby." [IC 35–4.1–1–3, as added by Acts 1973, P.L. 325, § 4, p. 1750.]

Nowhere in the statute is there a reference as to when such advisement is to take place.

In *Neeley v. State* (1978) Ind., 382 N.E.2d 714, this Court indicated that the entire record would be examined to determine whether or not the appellant had received full advisement of his constitutional rights. See also *Turman v. State*, (1979) Ind., 392 N.E.2d 483. Prior to the passage of the above statute, this Court held that a defendant must be advised of his constitutional rights at the time he is seriously considering entering a guilty plea. See *Malek v. State*, (1976) 265 Ind. 604, 358 N.E.2d 116.

The rule set out in *Malek* was reiterated in *Kindred v. State*, (1977) Ind.App., 365 N.E.2d 776. In that case, Judge Robertson wrote, "It is the purpose of this statute to insure that a defendant, at the time of entering his plea of guilty, is fully informed of his rights and makes a responsible waiver of those rights and that a proper record is made of the proceedings to insure fair and efficient review by an appellate court . . . ." *Kindred, supra*, 365 N.E.2d at 779.

▮ In the instant case, it is clear that on August 28, 1978, when appellant first informed the judge he wished to enter a plea of guilty, the judge fully advised him of his constitutional rights in accordance with the mandate of the statute. The court in doing so made it clear that it would not be bound by the sentencing recommendation in the plea agreement and that the defendant faced a potential maximum sentence of twenty (20) years. Under the above cited cases, we hold that the advisement was appropriate since the defendant at that time was seriously considering pleading guilty. On September 11, 1978, appellant signed a written plea agreement which included in its terms a statement that the defendant had read and had read to him the guilty plea, including a recital of the specif-

ic constitutional rights which he would waive by pleading guilty. On September 12, when the judge accepted the plea, the court again established that appellant knew the court was not bound by the terms of the agreement. The court interrogated the defendant and found that he understood the nature of the charge against him and established a factual basis for the plea. The court summarized appellant's rights, determined that he was satisfied with his attorney, found that the plea was voluntarily entered, and advised appellant that he could withdraw his plea and try the case to a jury. On a record such as this, we cannot say that appellant did not knowingly and voluntarily plead guilty.

Appellant claims that his position is supported by *Beard v. State*, (1978) Ind.App., 375 N.E.2d 270. In *Beard*, the Court of Appeals reversed the acceptance of a guilty plea where Beard had not been properly informed of his rights and where the court failed to establish a factual basis for the plea. The trial court informed Beard's co-defendant of his rights at an arraignment hearing. When Beard was questioned, the court merely informed him that he possessed the same constitutional rights his co-defendant possessed. When Beard pleaded guilty at a hearing seventy (70) days later, the judge did not inform him of his rights, stating that the earlier recitation of rights was incorporated by reference. In the case at bar, appellant George was personally informed of his constitutional rights and, rather than a lengthy seventy-day period separating the two hearings, only fifteen (15) days elapsed between the time George was informed of his rights and the time the plea was accepted by the court. Furthermore, Beard pleaded not guilty at the hearing in which the court advised his co-defendant of his rights. In the instant case, George was informed of his rights at the hearing where he indicated his desire to plead guilty. Because of the factual dissimilarities, *Beard* is not controlling in the case at bar.

▮ Appellant also claims he had a right to be examined by the Indiana Department

of Mental Health pursuant to the Indiana drug abuse law, IC § 16–13–6.1–16 [Burns Supp.1978]. Under this statute, a drug abuser who was charged with or convicted of a felony may request treatment in lieu of prosecution or imprisonment. If the defendant elects to undergo treatment under the statute, the court is required to order an examination by the department to determine whether the defendant is a drug abuser who is likely to be rehabilitated through treatment. The statute has been interpreted to require an examination "when the trial court has reason to believe that an election [for treatment] could be offered." *Glenn v. State*, (1975) 163 Ind.App. 119, 322 N.E.2d 106, 109. See also *Reas v. State*, (1975) 163 Ind.App. 316, 323 N.E.2d 274. In the case at bar, there was evidence that George was a drug addict. However, rather than order an examination by the Indiana Department of Mental Health, the trial judge utilized a report made by Illinois authorities on July 10, 1978. This report indicated that appellant was a drug abuser and that he could be rehabilitated.

Since the recent Illinois report was favorable to appellant's position, it is difficult to see how appellant was prejudiced by the court's refusal to order a new examination by Indiana authorities. Even if the report had been made by the Indiana Department of Mental Health and it showed that appellant was a treatable drug addict, the court could still, in the exercise of its discretion, decline to grant his request for treatment in lieu of imprisonment.

In *Walker v. State*, (1977) Ind.App., 363 N.E.2d 1026, the Department of Mental Health provided the trial court with a report which supported defendant's request for treatment in lieu of imprisonment. The trial court denied probation under supervision of the Department of Mental Health. On appeal, the Indiana Court of Appeals held that the decision to place the defendant on probation under supervision of the Department of Mental Health is one which rests within the sound discretion of the trial court.

The record in the case at bar shows that the judge, in light of appellant's past criminal record, his ten-year involvement with drugs, and his recent drug arrest and conviction in Illinois, which occurred while appellant was out on bond in the instant case, concluded that appellant was not a good candidate for rehabilitation under the program. We hold that even if the court erred in not requesting an examination by the Indiana Department of Mental Health, the error was harmless since the Illinois report was favorable to the position of the appellant and since the judge, despite the recommendation of the Illinois authorities, properly exercised his discretion in determining that it was unlikely such treatment would rehabilitate appellant.

Appellant's final argument is that the fifteen (15) year sentence imposed by the court is manifestly unreasonable. It is clear under the statute that the court may increase the penalty if he finds aggravating circumstances. See *Inman v. State*, (1979) Ind., 393 N.E.2d 767, IC § 35–50–1A–7 [Burns 1977]. In the case at bar, the aggravating facts found by the trial court were that appellant fled while on bond; committed another felony while on bond; has two prior misdemeanor convictions and two prior felony convictions. Thus, the court had an abundance of evidence upon which to base his decision that aggravating circumstances existed.

We have previously held that when a sentence is within the statutory limits, we are not at liberty to set aside or alter the sentence. *Dodson v. State*, (1978) Ind., 381 N.E.2d 90. We hold the trial court did not err in finding aggravating circumstances in this case. We further hold that the sentence imposed by the trial judge was thoroughly justified by the facts in this case.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.