Guy Anthony DAVIS,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1283A390.

Court of Appeals of Indiana,
First District.

June 18, 1984.
Rehearing Denied July 30, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

Petitioner-appellant Guy Anthony Davis (Davis) appeals the denial of his petition for post-conviction relief filed pursuant to Ind. Rules of Procedure, Post-Conviction Remedy Rule 1.

We reverse.

### STATEMENT OF THE RECORD

On August 10, 1976, Davis was charged with first degree burglary on August 13, 1976, he was presented to the trial court where the charge was explained and he was advised of his rights to counsel, to plead not guilty, to a jury trial, to confront witnesses, to an attorney, to compulsory process, not to testify, and that the State must prove his guilt beyond a reasonable doubt. On September 14, 1976, a written plea agreement was signed by Davis and filed with the trial court which recited that it was not binding on the court, and that Davis would plead guilty to the lesser included offense of entering to commit a

felony and receive a one to five year indeterminate sentence. It further stated that he understood his constitutional rights to a public and speedy trial, a jury trial, freedom from self-incrimination, to confront and cross-examine witnesses, to compulsory process, and to have the State prove his guilt beyond a reasonable doubt. It concluded by stating that upon entering the guilty plea he waived those rights. On October 1, 1976, Davis appeared and in response to questions by the court he acknowledged the plea agreement and the sentence. He acknowledged that by pleading guilty to the crime of entering to commit a felony he waived a jury trial and the right to confront and examine witnesses, and stated the plea was voluntary. The court accepted the plea agreement. Counsel for Davis, not Davis himself, entered the guilty plea and thereupon the court made its factual determination of guilty and sentenced Davis according to the agreement.

Davis's post-conviction relief petition alleged that at the time of the entering the guilty plea, there was not a voluntary, knowing and intelligent waiver and plea because the court had not advised him at the time of the entering and accepting the plea that he had a right to compulsory process, a right not to incriminate himself, a right to have the state prove his guilt beyond a reasonable doubt, a right to a public and speedy trial, and that the court was not a party to the plea agreement. The State defended the petition on the grounds of denial and laches. The trial court, in its findings of fact and conclusions of law, essentially found from the over all record recited above that Davis was advised of all of his rights; that he waived those rights; and that the plea of guilty was voluntarily, knowingly, and intelligently entered. The trial court made no finding of laches, and did not base its decision thereon.

It is to be noted that Davis served his sentence and the post-conviction petition is a proceeding to erode the base supporting a later conviction as a habitual offender.

## DISCUSSION AND DECISION

■ IND.CODE 35–4.1–1–3 and 4, which were enacted in 1973, were in effect when Davis' guilty plea was entered. While the August 13 proceeding, the plea bargain and the October 1 proceeding if considered collectively, would satisfy the statutes, the October 1 proceeding at which the guilty plea was entered is wholly inadequate to satisfy those sections. We believe that under the present case law it is beyond dispute that a plea of guilty must be vacated unless the record shows that the trial court informed the accused of *all* the constitutional rights he is waiving by direct statements *at the time of the guilty plea.* *Garringer v. State,* (1983) Ind., 455 N.E.2d 335; *Early v. State,* (1982) Ind., 442 N.E.2d 1071. *Early* was emphatic, and stated that the waiver must occur simultaneous with the guilty plea, and the defendant must understand his right "at that very moment". Such error has been held to be fundamental. *Brown v. State,* (1982) Ind. App., 435 N.E.2d 582. *George v. State,* (1980) 273 Ind. 271, 403 N.E.2d 339, permitted a guilty plea to stand even though there was a lapse of 14 days from the advice and the plea because at the prior proceeding the defendant was "seriously considering" pleading guilty, and indicated a willingness to plead guilty. In doing so the court distinguished *Beard v. State,* (1978) 176 Ind.App. 348, 375 N.E.2d 270, which held that a 70-day lapse was fatal. Here we find no special circumstances as in *George.*

The State does not seriously dispute the above strict application of the statute. Instead, it urges us to retroactively apply the February 29, 1984 amendment to IND. CODE 35–4.1–1–3 and 4, and adopt a harmless error rule. That amendatory statute found in the Acts of 1984, Public Law 179, contains a section as follows:

"(c) any variance from the requirement of the section that does not violate a constitutional right of the defendant is not a basis for setting aside the plea of guilty."

The State then argues that the statute is procedural and can be applied retroactively.

■ We first note that the requirements of IND.CODE 35–5.1–1–3 and 4 are probably broader than those of *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as shown by the reference to constitutional rights in the new statute. P.L. 179 did not exist in 1976 when the plea was entered, nor did it exist at the time of the judgment on the post-conviction petition on September 29, 1983. Ordinarily, unless the statute indicates a legislative intent that it have retroactive application, a statute should be given only prospective application. *State ex rel. Uzelac v. Lake Criminal Court,* (1965) 247 Ind. 87, 212 N.E.2d 21; *McGill v. Muddy Fork of Silver Creek Watershed Conservancy District,* (1977) 175 Ind.App. 48, 370 N.E.2d 365. The State cites *Dorton v. Circuit Court of Elkhart County,* (1980) Ind., 412 N.E.2d 72, and *Finney v. State,* (1979) 179 Ind.App. 316, 385 N.E.2d 477. *Dorton* held that where a statute was passed denying a defendant a bond on appeal as a matter of right after the charge, but before the appeal bond was tendered, the statute in effect when the bond was tendered governed. *Finney* held that the rape shield law passed after the offense but before the trial, be used at trial because it was procedural. *Shack v. State,* (1972) 259 Ind. 450, 288 N.E.2d 155, concerned an amended speedy trial rule. There the court held that the applicable rule will be determined by the date of the proceedings, that is, the date of the filing of the charge or arrest was the date that started the running of the speedy trial rule. In *Woods v. State,* (1981) Ind.App., 426 N.E.2d 107, we held that the procedure relative to guilty pleas was measured by the law in effect at the time the guilty plea occurred, and that the present statute did not control *pre-Boykin* guilty pleas.

In *Finney* the court stated:

"The plain and obvious meaning of this prohibition is, that the legislature shall not pass any law, after a fact done by any citizen, which shall have relation to that fact, so as to punish that which was innocent when done; or to add to the punishment of that which was criminal; or to increase the malignancy of a crime; or to retrench the rules of evidence, so as to make conviction more easy."

385 N.E.2d at 480, citing *Strong v. State,* (1822) 1 Blackford 193.

■ Such an application suggested by the State would divest a defendant of a right which could have the effect of determining whether he must remain in prison or not. We cannot, therefore, agree that it is procedural. This situation is also wholly different from the cases cited by the State where the amended rule or statute, while not in effect at the time the offense was committed, came into effect at the time of the trial court application thereof. Here, appellate procedures following IND.CODE 35–4.1–1–3 and 4 were well under way; in fact the appeal was perfected only four days after the new statute became effective. An examination of the new statute reveals no suggestion of a legislative intent that it be applied retroactively. We decline to so apply it.

The State also briefly argues laches. The trial court made no findings of fact or conclusions of law determining laches. We cannot make findings on evidence at the appellate level.

For the above reasons, this cause is reversed and the court is ordered to set aside the plea of guilty.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.