469 N.E.2d 740 (1984)
Robert M. HUBBARD, Appellant,
v.
STATE of Indiana, Appellee.
No. 1282S512.
Supreme Court of Indiana.
October 22, 1984.
*741 Timothy R. Sendak, Crown Point, for appellant.
Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.
DeBRULER, Justice.
This is a direct appeal from a conviction of robbery, a class A felony, Ind. Code § 35-42-5-1. The case was tried before a jury. Appellant was sentenced to a prison term of thirty years.
Appellant raises two issues on appeal: (1) whether the trial court erred in tendering an instruction which concluded that voluntary intoxication is not a defense to robbery; (2) whether his thirty year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States.
These are the facts that tend to support the determination of guilt. On April 20, 1982, David Mazan, accompanied by the appellant, Robert Hubbard, and Steve Anderson, drove in Mazan's vehicle to various taverns in the area of Hammond, Indiana. While in Mazan's vehicle, Hubbard and Anderson severely beat Mazan and pushed him into the backseat. Anderson started to drive toward Whiting, Indiana. Hubbard sat in the passenger seat and sharpened a butter knife on the pavement while the vehicle was traveling down the road. When they arrived at Whiting, Hubbard and Anderson removed Mazan from the vehicle and took him behind a building. Then, while Hubbard brandished the knife, Anderson demanded that Mazan give his money to him, and Mazan complied. Subsequently, they put Mazan back in the vehicle, and Anderson drove to a liquor store. After Anderson parked the vehicle, Mazan leaped out of the rear window of the vehicle and ran into the liquor store.
Michael Garrey, a security officer at the liquor store, observed Mazan enter the store. Mazan told Garrey of the robbery, and Garrey observed Anderson standing near the vehicle. Then, Hubbard and Anderson fled the area in Mazan's vehicle in the direction of Chicago, Illinois. Garrey recorded the license number of Mazan's vehicle and called the police.
Officers Joseph Bastie and Patrick Gleason of the Chicago Police Department heard on the radio information concerning the robbery and an advisement to watch for Mazan's 1970 brown Buick. While on patrol, they observed a vehicle which appeared similar to the description of Mazan's vehicle. The officers stopped the vehicle and arrested Hubbard and Anderson. Officer Gleason testified that, "... they had been drinking, but they were not intoxicated to the degree that they did not have the use of their mental facilities." Mazan's testimony indicated that Hubbard drank five to ten beers over a six hour period.

*742 I.
Appellant argues that the trial court erred in tendering an instruction which concluded that voluntary intoxication is not a defense to robbery. The challenged instruction is as follows:
"The defense of intoxication is defined by law as follows:
It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, if the intoxication resulted from the introduction of a substance into his body, without his consent or when he did not know that the substance might cause intoxication. Voluntary intoxication is a defense only to the extent that it negates an element of the offense referred to by the phrase "with intent to" or "with an intention to." Therefore voluntary intoxication is not a defense to Robbery, Class A, or Robbery, Class C."
This instruction parallels Ind. Code § 35-41-3-5(b); however, this Court in Terry v. State, (1984) Ind., 465 N.E.2d 1085, declared that section of the statute void and without effect. A defendant in Indiana can offer a defense of voluntary intoxication to any crime. However, the potential of this defense should not be confused with the reality of the situation. Terry, supra. The standard of whether or not the evidence warrants an instruction on the defense of voluntary intoxication was set forth in Williams v. State, (1980) 273 Ind. 105, 402 N.E.2d 954:
"When the prosecution requests the instruction it seeks to avoid acquittal on the basis of evidence of simple voluntary consumption of alcohol. When the defense requests the instruction it seeks to achieve acquittal by insuring consideration by the jury of evidence of intoxication. In either case the question for the court is whether there is an adequate evidentiary basis for it. That basis exists where the evidence of intoxication, if believed, is such that it could create a reasonable doubt in the mind of a rational trier of fact that the accused entertained the requisite specific intent. If it could do so the refusal of the instruction is error."
Appellant's evidence in support of his intoxication does not provide an adequate evidentiary basis for an instruction on voluntary intoxication as a possible defense for class A robbery. Appellant offers only evidence that he had been drinking; however, there is no evidence that his degree of intoxication was such that he lacked the requisite mens rea for class A robbery. In fact, the evidence revealed in the record demonstrates that appellant did have the requisite mens rea. Appellant beat the victim and threw him into the backseat. Appellant then sharpened a butter knife on the pavement while the vehicle was traveling down the road. This maneuver required an ability to judge spatial relationships and to make controlled movements. When the vehicle stopped, appellant and Anderson took the victim out of the car and behind a building. Then, while appellant brandished a knife, Anderson demanded that the victim give his money to him. Appellant's acts were done over a period of time in a goal oriented manner. "A defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." Terry, supra. The evidence further indicates that appellant consumed the beer over a significant period.
The improper instruction on the defense of intoxication was harmless error because appellant was not entitled to a voluntary intoxication defense instruction.

II.
Appellant argues that his thirty-year sentence is cruel and unusual punishment in violation of the Eighth Amendment. The presumptive sentence for class A robbery is thirty years to which twenty years may be added for aggravating circumstances or ten years may be subtracted for mitigating circumstances. Ind. Code § 35-50-2-4. When a sentence is within the guidelines of the sentencing statute, it cannot ordinarily be challenged on constitutional *743 grounds as being too severe. Coleman v. State, (1980) Ind. App., 409 N.E.2d 647; George v. State, (1980) 273 Ind. 271, 403 N.E.2d 339. A robbery accompanied by the hijacking of a car, use of a knife, and confinement of the victim warrants imposition of a severe sanction. This sentence does not exceed the limits set by the Eighth Amendment.
The conviction is affirmed.
GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ. concur.