Jeffrey D. BOWEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 683 S 233.

Supreme Court of Indiana.

May 20, 1985.

John F. Tweedle, Bainbridge & Tweedle, Highland, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, Indiana, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of rape, a class B felony, Ind.Code § 35–42–4–1 and criminal deviate conduct, a class B felony Ind.Code § 35–42–4–2. The case was tried before a jury. Appellant received two concurrent twelve year sentences.

Appellant raises five issues on appeal: (1) whether the trial court erred when it admitted his statement to the police into evidence; (2) whether the trial court erred when it denied his motion in limine regarding his prior conviction for child molesting; (3) whether the trial court erred when it instructed the jury that voluntary intoxication is not a defense to rape or criminal deviate conduct; (4) whether his convictions are supported by sufficient evidence; and (5) whether his sentences are manifestly unreasonable.

These are the facts that tend to support the determination of guilt. On September 19, 1982, at midnight, the victim H.P. went with Cindy Crissman in Crissman's car to the Point East disco near Crown Point, Indiana. When they arrived, Crissman and the victim met appellant and Bill Naylor. Crissman and Naylor started conversing, and the victim joined another group of people. At approximately 1:30 p.m., the victim decided to leave and rejoined Crissman, Naylor and appellant. They went out to the parking lot, and the victim agreed to allow appellant to drive her home.

During the trip, he asked her to sit closer to him and kiss him. In response, she asked him to let her out of the car. He stopped the car, placed his hand on her throat and tried to suffocate her. He relented and told her to remove her jeans. He threatened to leave her in a ditch if she did not cooperate. He pulled her clothing partially off and forced her to have vaginal and oral intercourse with him. She even-

tually escaped and ran to Crissman's house. Crissman took her to the police station.

I

Appellant argues that the trial court erred when it admitted, over his objection, his statement to the police into evidence. He claims that his statement, which contained highly inculpatory remarks, was the product of threats and a promise of leniency. A suppression hearing was held and the trial court determined that his statement was voluntarily given.

█ In reviewing the sufficiency of evidence on the voluntariness of a confession, the Court will not reweigh the evidence; rather, the decision of the trial court will be affirmed if there is substantial evidence of probative value to support the finding of voluntariness beyond a reasonable doubt. *Grassmyer v. State* (1981), Ind., 429 N.E.2d 248. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188.

█ Here is the evidence that supports the trial court's determination of voluntariness. First, appellant admitted that an officer read him his rights and that he signed a waiver of rights form. Also, appellant gave and signed an inculpatory statement. Finally, Officer Condor testified that no threats, inducements or promises were made to appellant in order to convince him to give a statement. This evidence is sufficient to warrant the ruling that appellant was coherent and that his inculpatory statement was freely self-determined beyond a reasonable doubt and not the product of threats, inducements or promises. See *Jones v. State* (1984), Ind., 464 N.E.2d 1283. Appellant's testimony that Officer Condor had threatened to burn him if he didn't confess, and promised to go easy on him if he did confess, created a conflict in the evidence material to the voluntariness issue. The accommodation of the two opposing fact bodies was for the trier of fact, and cannot now be redone on appeal.

## II

Appellant argues that the trial court erred when it denied his motion in limine regarding his prior conviction for child molesting. At trial, after the State rested, appellant renewed his objection to the denial of his motion in limine. He contends that the overruling of his objection effectively prevented him from taking the stand on his own behalf.

■ However, by choosing not to testify, the feared error and its concomitant harm never occurred. The prior conviction was never revealed to the jury. The proper course for asserting the claim would have been to take the witness stand and object when the prosecution attempted to extract evidence of the prior conviction. The course appellant pursued operated to relinquish the claim. Any harm appellant may have suffered by not testifying was the result of his own tactical decision.

## III

■ Appellant argues that the trial court erred when it instructed the jury that voluntary intoxication is not a defense to rape or criminal deviate conduct. Appellant is correct in this contention. A defendant in Indiana can offer a defense of voluntary intoxication to any crime. *Terry v. State* (1984), Ind., 465 N.E.2d 1085; *Hubbard v. State* (1984), Ind., 469 N.E.2d 740; and *Anderson v. State* (1984), Ind., 469 N.E.2d 1166. However, the potential of this defense should not be confused with the reality of the situation. *Terry, supra.*

The standard of whether or not the evidence warrants an instruction was set forth in *Williams v. State* (1980) 273 Ind. 105, 402 N.E.2d 954:

"When the prosecution requests the instruction it seeks to avoid acquittal on the basis of evidence of simple voluntary consumption of alcohol. When the defense requests the instruction it seeks to achieve acquittal by insuring consideration by the jury of evidence of intoxication. In either case the question for the court is whether there is an adequate evidentiary basis for it. That basis exists where the evidence of intoxication, if believed, is such that it could create a reasonable doubt in the mind of a rational trier of fact that the accused entertained the requisite specific intent. If it could do so the refusal of the instruction is error."

■ Here the evidence in support of his degree of intoxication does not provide an adequate evidentiary basis for an instruction on voluntary intoxication as a possible defense for rape or criminal deviate conduct. There exists only evidence that appellant had been drinking; however, there is little objective evidence of impairment. *Anderson, supra.* Appellant was able to operate an automobile. Furthermore, he was able to recount his participation in the crimes in minute detail. The maintenance of physical skill and detailed memory do not give rise to the inference that he was intoxicated.

The improper instruction on the defense of intoxication was harmless error because appellant was not entitled to a voluntary intoxication defense instruction.

## IV

Appellant argues that his convictions are not supported by sufficient evidence. He claims that there was insufficient evidence to show that the victim resisted him.

The Court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

■ Furthermore, it is well settled that a conviction for rape can rest on the uncorroborated testimony of the victim.

*Johnson v. State* (1982), Ind., 432 N.E.2d 1358; *Tillman v. State* (1981), Ind., 426 N.E.2d 1149. The degree of a rape victim's resistance required to sustain a conviction depends on the surrounding circumstances, and it is for the trier of fact to determine if the victim acted reasonably and in good faith in resisting the attack. *Jenkins v. State* (1978), 267 Ind. 543, 372 N.E.2d 166.

The evidence most favorable to the State indicates that appellant choked and threatened the victim, that the victim attempted to persuade him to stop, and that the victim escaped at the first available opportunity. The evidence is clearly sufficient to show that she resisted. In addition, a sexual attack victim's lack of resistance is only important if it gives rise to the inference that she consented to the act. Here, however, appellant admitted that the victim did not consent to the sexual acts he inflicted upon her. There is sufficient evidence to support the convictions.

### V

Appellant argues that his twelve year concurrent sentences are manifestly unreasonable. He was convicted of two class B felonies. The presumptive sentence for a class B felony is ten years to which ten years may be added for aggravating circumstances or four years may be subtracted for mitigating circumstances. Ind.Code § 35-50-2-5. The trial court chose to enhance the presumptive sentences by two years citing his past criminal conviction for child molesting as an aggravating factor.

Rule 2 of the Indiana Rules for the Appellate Review of Sentences provides:

#### Scope of Review

(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate

to the particular offense and offender for which such sentence was imposed.

When a sentence is within the guidelines of the sentencing statute, it cannot ordinarily be challenged on constitutional grounds as being too severe. *Coleman v. State* (1980), Ind.App., 409 N.E.2d 647; *George v. State* (1980), 273 Ind. 271, 403 N.E.2d 339.

Here, appellant's sentences were within the statutory guidelines. Moreover, a reasonable person could find his sentences appropriate to the offenses of rape and criminal deviate conduct, especially in light of his past history of criminal behavior. The sentences should not be revised.

The convictions are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.