Steven **FREEZE**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 184 S 35.

Supreme Court of Indiana.

April 17, 1986.

Hugh G. Baker, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latr021ealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of burglary, a Class A felony, I.C. § 35–43–2–1, and attempted voluntary manslaughter, a class B felony, I.C. § 35–42–1–3 and I.C. § 35–41–5–1. A jury tried the case. Appellant received a thirty year sentence for burglary and a ten year sentence for attempted voluntary manslaughter.

Appellant raises three issues on appeal: (1) whether there was sufficient evidence to support his burglary conviction; (2) whether there was sufficient evidence to support his attempted voluntary manslaughter conviction; and (3) whether his sentences are manifestly unreasonable.

These are the facts that tend to support the determination of guilt. Appellant and Debbie Hollifield were engaged to be married; however, Ms. Hollifield kept postponing the wedding date because they were having problems in their relationship. Eventually, Ms. Hollifield started seeing Ed Bell. Appellant was very jealous of Hollifield's and Bell's relationship, and on several occasions, he threatened Bell, and he attempted to incite a confrontation with him. On September 4, 1982, appellant was inside Hollifield's apartment. While there, he pushed Hollifield, and he kicked a hole in her apartment wall. Bell arrived at the apartment later, and appellant attempted to incite another confrontation with him. Also, appellant told Bell to take his .22 caliber rifle into Hollifield's apartment because he might need it.

The next day, September 5, appellant went to Hollifield's apartment. He yelled from outside, "I'm going to come in after Ed." When Hollifield and Bell refused him admittance into the apartment, appellant smashed the windshields of Bell's truck and Hollifield's automobile. Thereafter, he fired three shots at the apartment with his .44 caliber revolver. One of the shots entered Hollifield's apartment through a bedroom window. Later that same day, appellant returned to Hollifield's apartment with his .44 caliber revolver. He broke through the apartment's sliding glass door, and he pulled his revolver from his waist.

Bell pointed his .22 caliber rifle at appellant, and he told him to lay the gun down on the floor. However, appellant moved toward Bell causing him to back down the hallway. Then, appellant grabbed the end of Bell's rifle, and the shooting started. Hollifield and Bell testified that appellant shot first. Then Bell fell over some boxes in the hallway, and his rifle jammed. Appellant then stood over Bell and shot him once in the crotch and once in the neck. Appellant, attempted to gain access to the utility closet where Hollifield was hiding, and he said, "I killed him, I kill you." Shortly thereafter, the police arrived. An ambulance transported appellant and Bell to the hospital. Hollifield was unharmed; however, the shot to the neck paralyzed Bell. He is a quadriplegic for life.

I

■ Appellant argues that there is insufficient evidence to support his burglary conviction.

This court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed, *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088. *Bowen v. State* (1985), Ind., 478 N.E.2d 44.

The kernel of appellant's claim is that he broke and entered Hollifield's apartment with the intent to commit suicide which is not a felony. He introduced into evidence letters, written before the shooting, in which he mentions killing himself. Also, he introduced into evidence a makeshift will. Furthermore, he testified that his intention was to commit suicide. Appellant asks us to reweigh the evidence; this we cannot do.

The evidence given in the statement of facts, including appellant's threats to Bell to take his rifle inside the apartment and the manner in which appellant shot Bell, is such that the jury could have reasonably inferred beyond a reasonable doubt that appellant broke and entered Hollifield's apartment with the intent to commit battery. The evidence is clearly sufficient to support the burglary conviction.

II

■ Appellant argues that there was insufficient evidence to support his attempted voluntary manslaughter conviction. Specifically, he claims that the state failed to disprove his defense of self-defense beyond a reasonable doubt.

The pertinent parts of I.C. § 35–41–3–2 are set forth here:

Sec. 2. (a) A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that the force is necessary to prevent serious bodily to himself or a third person or the commission of a forcible felony . . .

(d) Notwithstanding subsections (a), (b), and (c) of this section, a person is not justified in using force if:

3. he has entered into combat with another person or is the initial aggressor, unless he withdraws from the encounter and communicates to the other person his intent to do so and the other person nevertheless continues or threatens to continue unlawful action.

Self-defense is not available to a defendant who is the initial aggressor. *Mullen v. State* (1981), Ind.App., 421 N.E.2d 731. Here, the evidence most favorable to the State established that appellant was the initial aggressor. He broke and entered the apartment, he pulled his revolver from his waist, and he fired the first shot. Furthermore, appellant also had several opportunities to withdraw from combat, but chose not to do so. First, before he fired

the first shot, Bell told him to put his gun down on the floor. Second, when Bell fell down on the floor and his rifle jammed, appellant could have withdrawn.

It is clear that the State disproved appellant's defense of self-defense beyond a reasonable doubt. The evidence was sufficient to support his conviction for attempted voluntary manslaughter.

### III

■ Appellant argues that his sentences are manifestly unreasonable. Rule 2 of the Indiana Rules for the Appellate Review of Sentences provides:

#### Scope of Review

(1) The reviewing court will not revise a sentence authorized by state except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

When a sentence is within the guidelines of the sentencing statute, it cannot ordinarily be challenged on constitutional grounds as being too severe. *Coleman v. State* (1980), Ind.App., 409 N.E.2d 647; *George v. State* (1980), 273 Ind. 271, 403 N.E.2d 339.

Appellant's claim is based upon the evidence of mitigating factors presented at the sentencing hearing. This evidence included over a hundred letters written to the judge in support of appellant's good character and his past achievement. Other evidence of mitigating factors included his lack of a prior criminal record, and his emotional state at the time of the crime.

The trial court imposed the presumptive sentences i.e. thirty years for class A burglary, and ten years, to run concurrently, for class B attempted voluntary manslaughter. Given the seriousness of the offenses and the severe injury to the vic-

tim, we cannot say that the sentences are manifestly unreasonable.

Convictions and sentences affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.