Kevin WASHINGTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S361.

Supreme Court of Indiana.

May 4, 1987.

Susan K. Carpenter, Public Defender of Indiana, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, appellee.

DeBRULER, Justice.

This appeal stems from the denial of a petition for post-conviction relief which challenged the validity of appellant's 1980 plea of guilty to attempted robbery.

Appellant pled guilty to the crime of attempted robbery on April 16, 1980. There was no plea agreement. The trial court accepted the plea and sentenced him to 20 years imprisonment on May 9, 1980. On December 4, 1984, appellant filed his petition for post-conviction relief alleging the trial court did not comply with the requirements of I.C. § 35–35–1–2 prior to the entry of his guilty plea. After an evidentiary hearing, the post-conviction court did not reach the merits of appellant's post-conviction claim, but ruled that appellant was barred by the doctrine of laches from pursuing his claim in post-conviction relief.

In a post-conviction hearing, the burden of establishing grounds for relief by a preponderance of the evidence rests with the petitioner. Indiana Rules of Procedure for Post-Conviction Remedies, Rule PC 1, § 5. However, when the affirmative

defense of laches is raised by the State, the burden of pleading and proving that defense shifts to the State. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. In order to sustain that burden, the State must prove both unreasonable delay and prejudice to the State. *Twyman, supra.*

Appellant asserts that there was insufficient evidence to support the determination that laches applied. In reviewing sufficiency claims, we will not reweigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. If the determination of the court is supported by substantial evidence of probative value, the judgment will be affirmed. *Bowen v. State* (1985), Ind., 478 N.E.2d 44.

The record reveals a four year delay between the guilty plea and the filing of the petition for post-conviction relief. The State introduced into evidence a letter from appellant to the State Public Defender's office written in May of 1982. In this letter, appellant requested assistance with a post-conviction relief proceeding regarding another conviction. Appellant testified he was aware of post-conviction proceedings arising out of convictions following trial but was unaware until July of 1984, that the avenue existed for pleas of guilty. While the passage of time alone is insufficient to establish unreasonable delay, *Twyman v. State, supra*, given the letter where appellant specifically requests assistance with post-conviction relief, the evidence was sufficient to support a finding that appellant was aware of post-conviction actions and that the filing delay was unreasonable.

On the issue of prejudice, the State presented one witness, an intern in the prosecutor's office, who testified concerning her investigatory efforts to locate witnesses and information relevant to this case. The intern related that she began her investigation for the post-conviction hearing two days prior to the scheduled hearing date. The original prosecution file was still intact and the investigating offi-

cer's initial report was admitted into evidence. The intern testified that the co-defendant was incarcerated in the Marion County Jail but that she did not contact him and that the police officers were available but that she had been unable to speak with them due to conflicting work schedules. She further testified that an unpublished telephone number existed for one of the witnesses, but steps to obtain that number had not been implemented, and that no attempt to locate the other witnesses had been made. The intern was unable to locate the victim in the case, Troy Frazier, through the telephone company or his former employment. She stated she did find a Troy Frazier in the computer system but that the social security numbers did not coincide. She did not visit the address for Frazier listed in the prosecutor's file to determine if he still resided at that address.

The only prejudice to its case which the State has shown is the potential unavailability of the victim. The State has an obligation to use due diligence in its investigation of the availability of evidence and witnesses. It must also present a reasonable inference of prejudice to support the affirmative defense of laches. *Lacy v. State* (1986), Ind., 491 N.E.2d 520.

Forty-eight hours is an exceedingly short period of time within which to conduct an investigation of this sort as evidenced by the inability to make contact with the investigating officers who were still employed by the Indianapolis Police Department. A last minute, half-hearted search for potential witnesses is insufficient to support the State's claim of prejudice. During that time period, the only one that was not determined to be easily accessible was the victim, yet none of the others were even interviewed. The State can not bolster its defense of laches by waiting until the last minute to attempt to locate relevant participants.

The State failed to present sufficient evidence of prejudice to support its defense of laches. Rather, the witnesses and information shown to be available tend to reflect adversely on the merits of the defense. Consequently, the judgment of the trial

court is reversed. This case is remanded for a determination on the merits of appellant's claim for post-conviction relief and any further consistent proceedings.

SHEPARD, C.J., and GIVAN and DICKSON, JJ. concur.

PIVARNIK, J., dissents without opinion.