**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 13 2014, 10:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DUANE FRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1306-CR-544 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1302-FB-12943

**February 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Duane Fry appeals his convictions for Class B felony burglary and Class A misdemeanor criminal mischief. On the evening of February 24, 2013, after consuming an unknown amount of vodka, Fry broke into a house owned by Kyla Thompson and attempted to steal bottles of wine therein. At trial, the jury was instructed that voluntary intoxication is not to be considered in determining whether Fry had the mens rea required for the crimes charged. Fry argues that the trial court abused its discretion in instructing the jury on voluntary intoxication, claiming there is insufficient evidence to support giving the instruction. Finding no objective evidence that Fry was impaired when he broke into Thompson's house, we conclude that the trial court abused its discretion in giving the voluntary intoxication instruction. Fry's conviction, however, is clearly sustained by the evidence. Therefore, we hold the trial court's error to be harmless and affirm.

**FACTS AND PROCEDURAL HISTORY**

The facts most favorable to the judgment are as follows. On the evening of February 24, 2013, Fry was hanging out at his apartment with friends Vickie and Paula. Fry was drinking vodka out of a Budweiser beer bottle, and Paula and Vickie were drinking gin out of McDonald's cups. When the group ran out of alcohol, they set out walking to Vickie's house to obtain more. Along the way, Paula stopped at a Village Pantry to buy cigarettes; Vickie and Fry continued walking. Vickie walked ahead of Fry and eventually built a sizeable lead over him. Ultimately, Fry alone arrived at a house owned by Thompson, whom Fry did not know. Thompson was not home at the time, but Thompson's neighbors,

2

Beth and David Swickl, observed Fry pound on the side door of Thompson's house, walk to the front door, return and pound on the side door again, and then walk behind the house out of sight. David called 911.

Indianapolis Metropolitan Police Officer Joshua Stayton was dispatched to Thompson's house. Upon his arrival, Officer Stayton approached the house's front door and, through a window, observed Fry removing bottles of wine from a shelf and placing them into a black duffel bag. Finding the front door locked, Officer Stayton walked to the rear of the house and found that the house's back door had been kicked in. Officer Stayton drew his weapon, announced his presence, and entered the house. He proceeded to the house's front room and encountered Fry, who had a bottle of wine in one hand and a black duffle bag in the other. The duffle bag contained seven additional bottles of wine. From one of them, an evidence technician later recovered a latent print matching Fry's left middle finger. No one else was found inside the house.

On February 26, 2013, Appellee-Plaintiff the State of Indiana charged Fry as follows: Count I, Class B felony burglary; Count II Class D felony attempted theft; and Count III, Class A misdemeanor criminal mischief. The State also alleged Fry to be a habitual offender. A jury trial was held on May 6, 2013, during which the jury was instructed over Fry's objection as follows: "VOLUNTARY INTOXICATION IS NOT A DEFENSE TO A CHARGE OF BURGLARY, THEFT OR CRIMINAL MISCHIEF. YOU MAY NOT TAKE VOLUNTARY INTOXICATION INTO CONSIDERATION IN DETERMINING WHETHER THE DEFENDANT ACTED INTENTIONALLY OR KNOWINGLY AS ALLEGED IN THE INFORMATION." Appellant's App. p. 77. The jury found Fry guilty as charged, and Fry later admitted to

3

being a habitual offender.

On May 29, 2013, the trial court sentenced Fry to fifteen years of incarceration on Count I, enhanced by ten years on account of his habitual offender status. The trial court set aside Fry's conviction on Count II on double jeopardy grounds and sentenced him to one year of incarceration on Count III, to be served concurrently with his sentence on Count I. Fry was sentenced to an aggregate term of twenty-five years.

## DISCUSSION AND DECISION

Fry argues that the trial court abused its discretion in instructing the jury on voluntary intoxication. In reviewing a trial court's decision to give a tendered jury instruction, we consider: "(1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given." *Cutter v. State*, 725 N.E.2d 401, 408 (Ind. 2000). Fry claims only that there is insufficient evidence to support giving the voluntary intoxication instruction.

The instruction at issue here is identical to the pattern jury instruction for voluntary intoxication. 1 IND. PATTERN JURY INSTRUCTIONS – CRIMINAL, No. 10.09 (3d. ed. 2012). It also tracks the language of Indiana Code section 35-41-2-5, for which the pattern instruction was written. *See id.* Indiana Code section 35-41-2-5 provides that voluntary intoxication "is not a defense in a prosecution for an offense and may not be taken into consideration in determining the existence of a mental state that is an element of the offense." Prior to the 1997 enactment of Indiana Code section 35-41-2-5, Indiana law recognized voluntary intoxication as a defense to a crime's requisite mens rea. *Sanchez v.*

4

*State*, 749 N.E.2d 509, 512-13 (Ind. 2001) (summarizing the history of the voluntary intoxication defense). During this period, the Indiana Supreme Court set forth a standard for determining whether evidence warranted a jury instruction on the voluntary intoxication defense. *Williams v. State*, 273 Ind. 105, 108-09, 402 N.E.2d 954, 956 (1980). In *Williams*, the Indiana Supreme Court stated:

> When the prosecution requests the instruction it seeks to avoid an acquittal on the basis of evidence of simple voluntary consumption of alcohol. When the defense requests the instruction it seeks to achieve acquittal by insuring consideration by the jury of evidence of intoxication. In either case the question for the court is whether there is an adequate evidentiary basis for it. That basis exists where the evidence of intoxication, if believed, is such that it could create a reasonable doubt in the mind of a rational trier of fact that the accused entertained the requisite specific intent.

273 Ind. at 108-09, 402 N.E.2d at 956.

In applying the *Williams* standard, the Indiana Supreme Court later explained that evidence that the defendant had merely been consuming alcohol is insufficient to support instructing the jury on the voluntary intoxication defense. *See Bowen v. State*, 478 N.E.2d 44, 46 (Ind. 1985); *Anderson v. State*, 469 N.E.2d 1166, 1168 (Ind. 1984); *Hubbard v. State*, 469 N.E.2d 740, 742 (Ind. 1984). "The question is not merely whether [the defendant] was intoxicated, but rather 'whether or not [the defendant's] intoxication was sufficient to deprive him of the ability to form the necessary intent.'" *Gibson v. State*, 516 N.E.2d 31, 33 (Ind. 1987) (quoting *Butrum v. State*, 469 N.E.2d 1174, 1176 (Ind. 1984)). In other words, "objective evidence of impairment" is required. *Bowen*, 478 N.E.2d 46; *compare Pavey v. State*, 498 N.E.2d 1195 (Ind. 1986),[1] *with Tiller v. State*, 541 N.E.2d 885

---

[1] In *Pavey v. State*, the Indiana Supreme Court held that instruction was warranted on the voluntary

(Ind. 1989).[2]

Although the voluntary intoxication defense has been abolished in Indiana, we see no reason to depart from the *Williams* standard in evaluating whether evidence supports instructing the jury on the lack thereof. As was stated in *Williams*, it remains true, "When the prosecution requests the instruction it seeks to avoid an acquittal on the basis of evidence of simple voluntary consumption of alcohol." 273 Ind. at 108, 402 N.E.2d at 956. Therefore, we must determine whether the record contains evidence of intoxication such that it could create a reasonable doubt in the mind of a rational trier of fact that Fry intended to commit theft inside Thompson's house. We conclude that there is not.

The record reveals only that Fry consumed vodka on the evening in question; the amount is unknown and, without more, cannot be inferred from the fact that he ran out. Moreover, the State points to no objective evidence that Fry was impaired when he broke into Thompson's house. In fact, Officer Stayton and David both testified that Fry did not appear to be "impaired," Tr. pp. 45, 80, and Beth testified that Fry was not "staggering or stumbling." Tr. p. 25. We also find it significant that Fry never claimed to be intoxicated or otherwise asserted or argued an inability to form the requisite intent.[3] Therefore, we

---

intoxication defense where the evidence showed that defendant may have consumed seventeen to nineteen beers during the nine-hour-period before committing murder and had a 0.17% blood alcohol content one hour after the incident. 498 N.E.2d 1195, 1197 (Ind. 1986).

[2] In *Tiller v. State*, the Indiana Supreme Court held that instruction was not warranted on the voluntary intoxication defense where the evidence showed that defendant drank seven or eight beers and registered a 0.14% blood alcohol content prior to committing attempted voluntary manslaughter, smelled of alcohol at the time of his arrest, and "appeared drunk" according to one witness, but "did not appear to be intoxicated" according to the arresting officer and "appeared to have all his faculties" when being interrogated three or four hours later. 541 N.E.2d 885, 890 (Ind. 1989).

[3] We note, however, that a defendant need not explicitly invoke intoxication as defense before the

hold that the trial court abused its discretion in instructing the jury on voluntary intoxication. *See Tiller*, 541 N.E.2d at 890. Reversal, however, is not warranted because the trial court's error was harmless.

"[E]rrors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence, and the instruction would not likely have impacted the jury's verdict." *Eberle v. State*, 942 N.E.2d 848, 861 (Ind. Ct. App. 2011). Here, Officer Stayton testified that the back door of Thompson's home was kicked in and that he found Fry inside, removing bottles of wine from a shelf and placing them into the black duffel bag. Additionally, a latent print matching Fry's left middle finger was recovered from a wine bottle found inside the bag. This evidence clearly support's Fry's convictions.

Fry contends that by erroneously giving the voluntary intoxication instruction, the trial court falsely indicated to the jury that he was intoxicated, thereby prejudicing the credibility of his testimony. Fry testified that Vickie invited him inside what he thought was Vickie's house and that she instructed him to retrieve the wine from the front room. Vickie, however, was never seen by Beth or David and was not found in the house by Officer Stayton. Therefore, we find negligible any prejudicial effect on Fry's credibility as a result of the voluntary intoxication instruction.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.

---

voluntary intoxication instruction may be given. *See Schweitzer v.* State, 552 N.E.2d 454 (Ind. 1990).